### In re COLE.

#### FIRST NAT. BANK OF BIDDEFORD et al. v. COLE.

(Circuit Court of Appeals, First Circuit. February 16, 1906.)

No. 618.

1. BANKRUPTCY—ORDER REQUIRING BANKRUPT TO SURRENDER PROPERTY—REVIEW.

The issue whether an order should be made requiring a bankrupt to turn over money or property to the trustee is purely of a civil character, determinable on a preponderance of the evidence, and dependent partially, at least, upon the question of fact whether the money or property is in the possession or under the control of the bankrupt, and the finding thereon, cannot be reviewed by the Circuit Court of Appeals on a petition for revision in matter of law, unless so wholly unsupported by the proofs as would require the court, on a writ of error, to set aside a verdict of a jury for want of any evidence whatever to sustain it.

2. SAME—MARRIED WOMAN—MONEY IN HANDS OF HUSBAND.

Money of a married woman received by her husband, but which by the law of the state is her separate property and subject to her absolute control, is presumably held by him as her agent, and the fact of his possession furnishes no excuse for her failure to deliver it to her trustee in bankruptcy, unless she shows that as a matter of fact she is unable to obtain the actual possession of it, to which she is entitled.

3. SAME—ORDER COMMITTING FOR CONTEMPT—RIGHT TO HEARING.

It is error to embody in an order requiring a bankrupt to turn over money or property to his trustee, which is civil in its nature, what is substantially a judgment for contempt and an alternative order of committal therefor. The issue on the question of contempt is a separate one, on which the bankrupt is entitled to a hearing.

For opinion below, see 135 Fed. 439.

Elbridge R. Anderson (Charles W. Bartlett, on the brief), for petitioner.

Benjamin F. Cleaves (Albert S. Woodman, on the brief), for respondents.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This is a revisory petition under the statutes in bankruptcy. The petitioner, Annie M. Cole, was duly adjudged bankrupt on a petition filed in November, 1903. It is claimed that she received in September, 1903, $3,800, as the proceeds of the sale of her homestead in Saco. This was paid in bills, and it is maintained by her that it was paid into the hands of her husband, and that no part thereof ever came into her hands. The trustee in bankruptcy admits that a portion of it has been accounted for, leaving $2,425, which, on his application, the referee directed should be paid over by Mrs. Cole to him. He made no alternative directions in the event she did not make the payment. The bankrupt duly appealed to the District Court, which made an order as follows:

"It is therefore ordered that the bankrupt turn over and deliver to the trustee, within 15 days, the said sum of $2,425; in default of which she stand committed to the marshal of this district, to be incarcerated until she obeys the order of this court, or is otherwise discharged by due process of law, or until the further order of this court."

The question whether the money was in the possession or control of Mrs. Cole is, under the circumstances of this case, what the law designates a question of fact, over which we could, of course, have no jurisdiction on this petition, which raises only questions of law, unless the finding of the District Court against her was so wholly unjustified on the proofs as would require us, on a writ of error, to set aside a verdict of a jury for want of any evidence whatever to sustain it, or for some other reason kindred thereto. The issue whether an order should run against a bankrupt, requiring the bankrupt to make payment to the trustee, is purely of a civil character; and therefore that part of the order before us which directed payment may be supported by a mere preponderance of evidence, presumptions, or inferences.

One claim made by Mrs. Cole is that the money in question had been used in paying the debts of her husband or herself, but on the record this is clearly not so supported that we can take jurisdiction thereof as a matter of law. Her other proposition as to the part of the order which directs payment is, as we have said, that the money received for the homestead went into the hands of her husband, and never had been in her hands. But, under the statutes of Maine, where she resided, and where these transactions occurred, as well as under the statutes of Massachusetts, to which state she is said to have removed, the price received for the real estate was absolutely her property, and legally subject to her control. Her husband was simply her representative, or agent. Something was said before us to the effect that all which occurred between her and the trustee in regard to the money in question, including all conversations in reference thereto, was in the presence of her husband, where she was subject to his coercion. The record, however, fails to show that this so-styled coercion was more than the ordinary fiction of law, formerly of much force, but now of no positive value in civil proceedings. Certainly, the record does not establish such a condition of proofs as would justify us in taking jurisdiction on that account. Therefore the fact remains that, on this record, the District

Court might find as a matter of fact that, as to the possession of the proceeds of the sale, Mrs. Cole's husband was simply her representative, or agent. Such being the case, it needs no citation of authorities to establish the further proposition that, in the eyes of the law, the possession of a mere agent is the possession of the principal. This proposition was enforced and applied with reference to funds to be transferred to the trustee, under the bankruptcy statutes in Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, and in Muller v. Nugent, 184 U. S. 1, 17, 18, 22 Sup. Ct. 269, 46 L. Ed. 405. It also cannot be denied that a bankrupt, whose funds are deposited with an agent, cannot excuse himself from not delivering over the same to the trustee because so deposited, unless he shows as a matter of fact an inability to obtain the actual possession of what he ought to surrender. The record fails of any proof meeting this requisite condition. Therefore it does not in this regard present a question of the class of which we can take jurisdiction on a proceeding of this character; and, consequently, so far as this portion of the case is concerned, the decision of the District Court must stand.

We think, however, that there was error in that the District Court entered in substance a judgment for contempt, accompanying an alternative order for committal. It is plain that a proceeding for contempt is of a different character from one resulting in a mere order for the payment of money to a trustee in bankruptcy. It is claimed that it is criminal in its nature, while an order for the mere payment of money is purely civil; that it would be justified only by the proofs and the amount of proofs requisite on ordinary criminal issues; and that it is in effect an independent proceeding which can be initiated only after an order for payment of money has been disobeyed, and on an order to show cause, or some other new notice, given to the person alleged to be in default. It is sufficient now to say that the record does not show that Mrs. Cole had any day in court on the issue involved in that part of the order in question. Without undertaking to say in what manner an issue may be so presented as to justify a proceeding for an alleged contempt, and entering a penal judgment on account thereof, we are of the opinion that the record should show that the issue had been made in some way, and that the person adjudged guilty of contempt had had an opportunity to be heard in reference thereto. Rapalje on Contempts (1887), 126, 127, 128. For this reason, the order to which this petition relates must be annulled, except only so far as it affirms the decision of the referee which directed that the money in question should be paid to the trustee.

Some suggestions were made before us on the question whether this petition was seasonably filed, but they were not urged, and no implication in reference thereto is to be drawn from this opinion, or from any decree in accordance therewith.

Let there be a decree in accordance with our opinion passed down on the 16th day of February, 1906, and for the costs of the petitioner.