### In re CAPONIGRI.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 25.

BANKRUPTCY (§ 446*)—REVISION PROCEEDINGS—MATTERS REVIEWABLE.

On a petition to revise an order in bankruptcy in matter of law, under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), the master's findings of fact, approved by the District Judge, are not reviewable, and the questions of law reviewable are only those arising upon the facts as so found.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of Pasquale Caponigri, bankrupt. On petition by Isaac S. Voorhis to review an order of the District Court. Affirmed.

This cause comes here upon a petition to review in matter of law, as provided in Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), an order made by the District Court, sitting in bankruptcy, confirming the report of a referee sitting as special master. The petitioner instituted this proceeding for the purpose of establishing its ownership of a specific fund of $5,000 (or the balance thereof still remaining). The special master wrote an elaborate opinion, reaching the conclusion, on several different grounds, that petitioner was not the owner of the fund. The District Judge "entirely concurred with the referee's report" and confirmed the same.

Charles L. Hoffman (H. A. Friedman, of counsel), for petitioner.
W. T. Hope, for respondent.
Masten & Nichols, for trustee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). Caponigri, the bankrupt, became a depositor in the Northern Bank on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

November 26, 1907, and continued to deposit and draw until January 13th, when the account was balanced showing a credit in his favor of $789.46. The contention of the bank is that on December 27, 1907, Caponigri drew a check on said bank to the order of the comptroller of the city of New York and requested the bank to certify the same; that, in order to induce its officers to certify, he stated that he was about to make a bid to the department of street cleaning for a contract for trimming and unloading scows, and that he would have to deposit with his bid a certified check for $5,000; that such check (or the money it represented) would not be kept by the comptroller unless the bid were accepted, but that in the event of a rejection of the bid the same would be returned to the bidder; that Caponigri further stated and represented and agreed with the bank that, in the event of the rejection of his bid for the contract above referred to, he would return to the said bank the said certified check (or its proceeds); that these statements and representations of Caponigri were false and untrue, and known to him to be so, and that on December 30th, the bank paid the check to the comptroller. The bid was rejected, and the proceeds remained with the comptroller until, after the initiation of bankruptcy proceedings, they were paid over to the receiver.

The brief submitted in support of the petition to review is voluminous and covers many different points; but it is manifest that, unless the averments of fact on which petitioner's claim is founded are established, it is idle to enter upon any discussion of the law. This is not an appeal, but a petition to review in matter of law, under section 24b, and for the facts we may refer to the special master's report, which was confirmed by the District Judge. He says:

"I think, therefore, that it must be found that no such promise or agreement was made by Caponigri on the 27th of December, or in connection with the certification of the check here in question."

This follows a discussion of the evidence. Inspection of the record shows that there are conflicting statements in the evidence which petitioner adduced to show that the particular certification of December 27th, out of which the fund in controversy arose, was obtained upon the representations and promises averred in the petition. Schlessinger, the vice president, says that they were made in the presence of Banome, assistant receiving teller; but the latter says he was present only at two interviews between Schlessinger and Caponigri, and that one of these was on December 11th, when a certification was solicited and obtained for a different $5,000 check to accompany a bid on another contract. The second interview he fixes as taking place January 10th or 11th.

It is well settled that in these proceedings on petition to review in matter of law, the master's findings of fact, approved by the District Judge, are not brought up for review. Accepting the master's finding that Caponigri did not make the statements and promises with regard to the disposition of this particular certified check, which petitioner contends that he did, there is no foundation for petitioner's claim, and it would be a waste of time to discuss legal propositions which might be presented if the facts were different.

The decree is affirmed, with costs.