## In re HOFFMAN.

## BUELL v. HOFFMAN.

(Circuit Court of Appeals, Seventh Circuit. March 17, 1927.)

No. 3779.

1. Bankruptcy ☞446(7)—Questions of law only may be reviewed in proceeding to revise order vacating referee's order requiring bankrupt to pay sum to trustee.

In proceeding to review and revise an order of the District Court vacating referee's order requiring bankrupt to pay certain sum to the trustee, Circuit Court of Appeals can review only questions of law.

2. Bankruptcy ☞136(7)—Trustee's proof relative to bankrupt's concealing and withholding assets need not convince court beyond reasonable doubt.

Trustee, charging bankrupt with having concealed and withheld some of his assets, must prove such allegations; but it is not necessary that proof convince court beyond all reasonable doubt.

3. Bankruptcy ☞446(1)—District Court order will be affirmed, when it is apparent that correct conclusion was reached, although requiring erroneous measure of proof (Judicial Code, § 269, as amended by Act Feb. 26, 1919 [Comp. St. § 1246]).

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246), order of District Court vacating referee's order requiring bankrupt to pay certain sum to trustee will be affirmed, where it is apparent under evidence that District Court reached correct conclusion, although erroneously requiring trustee to introduce proof beyond all reasonable doubt.

Petition to Review Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Petition by Edwin D. Buell, trustee of the estate of Carl J. Hoffman, bankrupt, for an order compelling bankrupt to turn over moneys. An order of the referee requiring the

bankrupt to pay a certain sum to the trustee was vacated by the District Court, and the trustee petitions to review and revise. Affirmed.

Gilbert Wagner, of Chicago, Ill., for petitioner.

Franklin J. Stransky and Samuel Dulsky, both of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Prior to his adjudication as a bankrupt, Hoffman was engaged in buying and selling waste paper. He failed in business and was duly adjudged a bankrupt. The trustee appointed by the creditors to administer his bankrupt estate petitioned the referee for an order compelling him to turn over moneys which were being unlawfully withheld. Bankrupt denied any withholding of assets. A hearing was had upon the petition and the answer, and considerable oral testimony was received. The referee found for petitioner and ordered the bankrupt to pay the trustee $4,783 75 The District Court vacated the order of the referee. To review and revise this order of the District Court petitioner comes to this court.

[1] The evidence is conflicting. While certain statements prepared by petitioner's accountants and based upon bankrupt's books would indicate that Hoffman had failed to turn over all of his assets, there is testimony to the effect that Hoffman withheld nothing. According to his story, he engaged in a fierce competitive warfare shortly before his failure, which was most ruinous, and his accumulations melted away.

In short, the evidence is such that this court would refuse to disturb a finding by the trial court, even were this an appeal in an equity suit. For added reasons must we decline to weigh the evidence and substitute our judgment thereon for that of the District Judge in a proceeding such as this, where we can review only question of law. In re Hoyne (C. C. A.) 277 F. 670.

It is urged, however, that the court erred (and the error was one of law), in that it required the trustee to establish its case beyond a reasonable doubt. In support of this position counsel refer to the order, a portion of which is as follows: "This is a motion to vacate and set aside an order of the referee in bankruptcy. The matter has been fully argued, and the court, having ascertained the facts, finds that the court in this particular case should be satisfied beyond a reasonable

doubt, and * * * this court cannot say the defendant has been guilty as charged in the petition." While there are cases holding to the contrary, the weight of authority [1] repudiates the test which the District Judge applied in this case, viz. proof beyond a reasonable doubt. We see no good reason why the rule governing the quantum of proof necessary to convict in criminal cases should be extended to this or any other civil proceeding.

[2, 3] Petitioner charged the bankrupt with having concealed and withheld some of his assets from the trustee. The burden was upon it to prove its allegations. Such proof should satisfy the court of the truthfulness of the charge. It was not necessary that the proof convince the court beyond all reasonable doubt. We are not satisfied, however, that the cause should be remanded to the District Court. We have examined the evidence, and are clearly satisfied that the District Court reached the correct conclusion. It would seem our plain duty under such circumstances to affirm. Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246).

The order is affirmed.

---

[1] Free, Trustee v. Shapiro (C. C. A.) 5 F.(2d) 578; In re Cole (C. C. A.) 144 F. 392; In re Powers (C. C. A.) 229 F. 370, Ann. Cas. 1917B, 1094; In re Cramer (D. C.) 175 F. 879.