## Conro *v.* Crane.

Appeals do not lie to this court from the circuit courts in the exercise of their supervisory jurisdiction under the bankrupt laws.

Motion to dismiss an appeal from the Circuit Court of the United States for the Northern District of Illinois.

Fox & Howard were adjudged bankrupts by the District Court for the Northern District of Illinois, June 5, 1875. Bradford Hancock was appointed provisional assignee, June 16 ; and, June 19, an order was entered in the bankruptcy proceedings, directing him to receive bids for the purchase of certain personal property belonging to the estate of the bankrupts, which had come into his possession. Under this order, bids were tendered by various persons, and, among others, one by Jefferson Hodgkins, for $40,000. All were reported by Hancock to the District Court, July 2, with the recommendation that the one of Hodgkins be accepted ; and thereupon an order was made that all persons interested show cause by July 9 why this recommendation should not be complied with. Notice of this order

was given by mail and publication; and, on the day named, the bid was accepted, the sale approved, and Hancock authorized, on the receipt of the purchase-money, to execute an appropriate bill of sale, and deliver possession of the property. Hancock again reported, July 12, that, although demanded, the purchase-money had not been paid, and that he had received another bid from Conro & Carkin, the present appellants, for $40,500. He thereupon asked that the order of confirmation to Hodgkins be set aside, the sale revoked, and that he be authorized to sell and deliver the property to Conro & Carkin, at their bid. An order was made to this effect on the same day; and Hancock at once received the purchase-money, executed a bill of sale, and delivered the property to Conro & Carkin.

On the 18th of August, Hodgkins and Charles S. Crane, for whom, as is alleged, Hodgkins acted as agent in the purchase, filed their petition in the bankrupt court, asking that the order of July 12 be set aside, and Conro & Carkin, Hancock, and the bankrupts be directed to deliver the property to them, and account for the moneys realized by its use. Upon the filing of this petition, a rule was entered, requiring Hancock, Conro & Carkin, and the bankrupts to show cause by Aug. 27 why the order asked for should not be granted. Hancock and Conro & Carkin appeared in obedience to this rule, and answered. The matter was then referred to one of the registers in bankruptcy to take testimony; and, on the 6th of March, the District Court, upon full hearing, dismissed the petition. On the same day, Hodgkins and Crane presented to the circuit judge of the circuit their petition, under sect. 4986, Rev. Stat., for "the revision and reversal of the action of the District Court sitting as a court of bankruptcy." The Circuit Court, April 24, after hearing, reversed the order of July 12, and continued that of July 9 in force. The District Court was also directed to order the assignee to execute and deliver to Hodgkins the necessary papers to show title, and to cause the property to be delivered to Hodgkins or Crane. The District Court was also ordered to return to Conro & Carkin, subject to certain specified conditions, the purchase-money paid by them.

From this order an appeal by Conro & Carkin was allowed

to this court, which Hodgkins and Crane moved to dismiss for want of jurisdiction.

*Mr. P. Phillips* and *Mr. John S. Cooper* in support of the motion.

*Mr. F. H. Kales* in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It must now be considered as settled that appeals do not lie to this court from the decisions of the circuit courts in the exercise of their supervisory jurisdiction under the bankrupt law. In *Wiswall et al.* v. *Campbell et al.*, 93 U. S. 347, we held that " a proceeding in bankruptcy, from its commencement to its close upon the final settlement of the estate, is but one suit. The several motions made and acts done in the bankrupt court in the progress of the cause are . . . but parts of the suit in bankruptcy, from which they cannot ~be separated." And again : " Every person submitting himself to the jurisdiction of the bankrupt court in the progress of the cause, for the purpose of having his rights in the estate determined, makes himself a party to the suit, and is bound by what is judicially determined in the legitimate course of the proceeding." And in *Sandusky* v. *National Bank*, 23 Wall. 293, it was decided, that " any order made in the progress of the cause may be subsequently set aside and vacated, upon proper showing made, provided rights have not become vested under it which will be disturbed by the vacation."

These principles are decisive of this case. The rights of the parties grow out of a sale made by the court under the authority of sect. 5065, Rev. Stat. The bids were received by the provisional assignee; but the court determined which should be accepted, and gave directions as to the transfer of title. Clearly, then, what was done both as to the first and second sale was in the course of the bankruptcy proceeding, and part of that suit. As such, it was subject to revision in the Circuit Court under its supervisory jurisdiction.

Both Hodgkins and Conro & Carkin submitted themselves to the jurisdiction of the court to the extent that was necessary for the completion of their respective purchases. Conro &

Carkin were parties to the proceeding by which the sale to Hodgkins was set aside, and that to them made. Having been in court when the order under which their claim was made, they can properly be brought in to answer a motion to set it aside. Such a motion would not be a new suit, but a new proceeding in the old suit in bankruptcy, and therefore not subject to revision here upon appeal.

This was evidently the understanding of the parties at the time; for the original petition of Hodgkins and Crane was filed in the District Court sitting in bankruptcy, and the petition for review purports, on its face, to be filed under sect. 4986, Rev. Stat., which confers the supervisory jurisdiction.

*Appeal dismissed.*