# HOLDEN *v.* STRATTON.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 38. Submitted October 22, 1903.—Decided November 16, 1903.

Appeals to this court from decrees of the Circuit Courts of Appeals revising proceedings of the inferior courts of bankruptcy under section 24*b* of the bankruptcy law, will not lie.

Two separate proceedings were commenced in the District Court of the United States for the District of Washington, on January 19, 1901, against D. N. Holden and Lizzie Holden, to the end that each be adjudicated a bankrupt, which were consolidated, and on the ensuing twenty-fifth of February they were, respectively, so adjudicated. The creditors of each of the bankrupts were the same.

Thereupon J. A. Stratton was duly elected trustee in bank-

ruptcy of the estate of each of the bankrupts and qualified as such. The bankrupts, and each of them, applied for exemption in their favor of two certain policies of life insurance in the hands of the trustee. D. N. Holden was insured, and Lizzie Holden was the beneficiary, in both, with the provision that if she should not survive him, payment should be made to his executors, administrators and assigns.

The exemption was disallowed by the referee, who reported his action to the court. The bankrupts filed exceptions to the report, and the court on July 16, 1901, set it aside and adjudged the policies to be exempt. Stratton then filed a petition in the Circuit Court of Appeals for the Ninth Circuit for a revision of this order. It was therein alleged among other things that the policies had a present cash surrender value combined of about twenty-two hundred dollars. The Circuit Court of Appeals, accepting the ruling of that court in the previous case of *In re Scheld*, 104 Fed. Rep. 870, held that the policies were not exempt, and decreed a revision of the order of the District Court accordingly. 113 Fed. Rep. 141. From this decree an appeal was prayed to this court and allowed February 12, 1902, and the record was filed here April 14, 1902. And subsequently a certificate of a justice of this court was filed herein that in his opinion the determination of the questions involved was essential to a uniform construction of the bankruptcy act throughout the United States.

The appeal was submitted on a motion to dismiss, and also on the merits.

*Mr. George Turner* and *Mr. P. P. Carroll* for appellants.

*Mr. Frederick Bausman* for appellees.

Mr. Chief Justice Fuller delivered the opinion of the court.

It will be perceived that the jurisdiction of the Circuit Court of Appeals was invoked on an original petition under sec-

tion 24*b* of the bankruptcy law, which provides: "The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

This supervisory jurisdiction in matter of law was conferred on the Circuit Courts by the act of March 2, 1867, 14 Stat. 517, 518, c. 176, § 2; Rev. Stat. § 4986, and it was settled under that act that appeals to this court did not lie from the decisions of the Circuit Courts in the exercise of that jurisdiction. *Morgan* v. *Thornhill*, 11 Wall. 65; *Conro* v. *Crane*, 94 U. S. 441. The ruling is decisive here unless the present act elsewhere otherwise provides. But this it does not do, the special and summary character of the revision contemplated being substantially the same as in the prior act, and the provision for appeals not embracing appeals from decrees in revision.

Section 25*a*, 30 Stat. 544, c. 541, July 1, 1898, provides "that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the Territories, in the following cases, to wit, (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over."

And section 25*b* for appeals to this court "from any final decision of a Court of Appeals, allowing or rejecting a claim under this act," where the amount in controversy exceeds the sum of two thousand dollars, and the question involved was one which might have been taken from the highest court of a State to the Supreme Court of the United States; or where some justice of the Supreme Court certifies that "in his opinion the determination of the question or questions involved in the allowance or rejection of such claim is essential to a uniform construction of this act throughout the United States."

This case was not taken to the Court of Appeals by appeal, as in equity cases, to be reëxamined on the facts as well as the law, nor could it have been, for it was not one of the cases enumerated in section 25a. The order of the Circuit Court was not "a judgment allowing or rejecting a debt or claim of five hundred dollars or over," or the revising order of the Circuit Court of Appeals, "a final decision, allowing or rejecting a claim," within the intent and meaning of either subdivision a or b. By section 2, subd. 2, courts of bankruptcy are vested with the power to "allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates;" and section fifty-seven comprehensively covers the subject of the proof and allowance of claims, treating them as moneyed demands.

And while the word "claim" is used in its signification of the demand or assertion of a right in subd. 11 of section 2, in respect of "all claims of bankrupts to their exemptions," it is also used in many parts of the act, and, as we think, in section 25, as referring to debts, (which by sub-sec. 11 of section 1 include "any debt, demand or claim provable in bankruptcy,") presented for proof against estates in bankruptcy. *Hutchinson* v. *Otis*, 190 U. S. 552, 555; *In re Whitener*, 105 Fed. Rep. 180; *In re Columbia Real Estate Co.*, 112 Fed. Rep. 643, 645.

The allowance or rejection of a debt or claim is a part of the bankruptcy proceedings, and not an independent suit, and under the act of 1867 it was held that this court had no jurisdiction to review judgments of the Circuit Courts dealing with the action of the District Courts in such allowance or rejection because they were not final. *Wiswall* v. *Campbell*, 93 U. S. 347; *Leggett* v. *Allen*, 110 U. S. 741. The jurisdiction now given is carefully restricted and cannot be expanded beyond the letter of the grant. It is an exception to the general rule as to appeals and writs of error obtaining from the foundation of our judicial system. *McLish* v. *Roff*, 141 U. S. 661.

The distinction between steps in bankruptcy proceedings proper and controversies arising out of the settlement of the

estates of bankrupts is recognized in sections 23, 24 and 25 of the present act, and the provisions as to revision in matter of law and appeals were framed and must be construed in view of that distinction. *Denver First National Bank* v. *Klug,* 186 U. S. 202; *Elliott* v. *Toeppner,* 187 U. S. 327, 333, 334.

Section 6 of the act of March 3, 1891, has no application, as that refers to cases carried to the Circuit Court of Appeals by appeal or writ of error. But in view of the terms of that act and of the nature of the writ, we have held that under a reasonable construction of subdivision *d* of section 25, certiorari lies to decrees in revision. *Bryan* v. *Bernheimer,* 175 U. S. 724; *S. C.,* 181 U. S. 188; *Mueller* v. *Nugent,* 180 U. S. 640; *S. C.,* 184 U. S. 1; *Louisville Trust Co.* v. *Comingor,* 181 U. S. 620; *S. C.,* 184 U. S. 18. In the case first cited it is pointed out that the Circuit Court of Appeals treated the case as if before it on a petition for revision though it had been carried there by appeal, and we considered the decree as rendered in the exercise of the supervisory power. 181 U. S. 192, 193.

*Appeal dismissed.*