OHIO VALLEY BANK CO. v. SWITZER et al.

(Circuit Court of Appeals, Sixth Circuit.   May 15, 1907.)

No. 1,653.

BANKRUPTCY—ORDER ON CLAIM FOR ATTORNEY'S FEES—MODE OF REVIEW.

An order of a court of bankruptcy passing upon the claim of a creditor for the allowance of counsel fees and expenses incurred in contesting claims and prosecuting suits on behalf of the estate is not one allowing or rejecting a "debt or claim" against the estate within the meaning of Bankr. Act July 1, 1898, c. 541, § 25a (3), 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], and appealable thereunder, but is an administrative order reviewable only on petition to revise in matter of law under section 24b.

Appeal from the District Court of the United States for the Eastern Division of the Southern District of Ohio.

A. L. Roadarmour, for appellant.

Hollis C. Johnston and E. D. Davis, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge.   The controversy brought up on this appeal arose in the matter of the bankruptcy of Christian C. Mack upon a petition of the appellant, a principal creditor of the bankrupt, for the allowance of attorney's fees and expenses incurred by it in contesting claims of other parties who claimed to be creditors, and in proceedings to recover assets.   The appellant alleged in its petition that these contests and recoveries were made by its own efforts in default of action by the trustees, and were successful in largely augmenting the estate.   It claimed before the referee an allowance of $1,800 for attorney's fees and $1,200 for other costs and expenses. The referee allowed the petitioner $750 only.   The petitioner, feeling aggrieved, caused the matter to be certified to the district judge for review.   The district judge confirmed the action of the referee. Thereupon the petitioner filed an assignment of errors and a petition for the allowance of an appeal.   This petition stated that it had undertaken to prosecute (contest, apparently was meant) claims against the estate with the consent of the trustees, had expended large sums of money, which had been in large part disallowed, and that the District Court had made an order allowing it to appeal from the judgment.   The appeal was allowed, bond given, and citation issued and served.   On the argument here the court failed to notice that the case came up by appeal, and not on a petition for review.   But on taking the record in hand for further consideration we find that we are without jurisdiction; for the proceeding in the District Court was an administrative proceeding in the bankruptcy matter, and was neither a controversy arising in a bankruptcy proceeding within the meaning of section 24a of the bankrupt act of July 1, 1898 (30 Stat. 552, c. 541 [U. S. Comp. St. 1901, p. 3431]), nor the rejection of a claim against the estate under section 25a (3) of the act.

It has been already decided by this court in Davidson v. Friedman. 140 Fed. 853, 72 C. C. A. 553, that such a claim as this is not a claim such as is intended by section 25a (3) from the disallowance of which

an appeal is given; and that the question of the allowance of such a claim is a question relating to the administration of the estate, and reviewable only under section 24b of the act upon a petition for review. We have therefore no alternative but to dismiss the appeal.

We must not be understood, however, as suggesting a remedy by a proceeding under section 24b, for it would seem that the controversy here is over a question of fact, while subdivision "a" of section 24 authorizes only the revision of matters of law.

Appeal dismissed, with costs.