### GOOD v. KANE.†

(Circuit Court of Appeals, Eighth Circuit. March 7, 1914.)

No. 133.

*(Syllabus by the Court.)*

**1.** BANKRUPTCY (§ 136*)—SUMMARY PROCEEDINGS AGAINST BANKRUPT—EVIDENCE.

On a hearing upon an order on the bankrupt to show cause why he should not be required to turn over assets to the trustee, his testimony on his general examination at the first meeting of his creditors is admissible against him, even though the referee at that examination erroneously denied the bankrupt the right to have his counsel cross-examine him and give him an opportunity in that way to explain and to correct the testimony on his examination.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

**2.** BANKRUPTCY (§ 446*)—PETITION TO REVISE—DECISIONS REVIEWABLE.

Decisions of disputed questions of fact on conflicting evidence are not reviewable upon a petition to revise.

But the question of law whether or not there was any substantial evidence to sustain a decision or order may be considered or determined by the appellate court upon such a petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**3.** BANKRUPTCY (§ 136*)—POSSESSION OF PROPERTY—PRESUMPTION—BURDEN OF PROOF.

When property of a bankrupt estate is traced to the possession of one on the eve of his bankruptcy, it is presumed to remain in his possession or under his control until he satisfactorily accounts to the court of bankruptcy for its disposition or disappearance, and the burden is on him so to account.

He cannot escape an order for its surrender by a mere denial under oath that he has the property or its proceeds in his possession or under his control, or that they are the property of the bankrupt estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

Petition to Revise Order of the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied May 4, 1914.

Petition by Isadore Good against Joseph Kane, trustee in bankruptcy of the estate of Isadore Good, bankrupt, to revise an order of the referee, affirmed by the District Court, that petitioner turn over certain property to the trustee. Petition to revise dismissed.

C. W. Rutledge, of St. Louis, Mo., for petitioner.

Lee W. Grant, of St. Louis, Mo., and W. H. Close, for respondent.

Before SANBORN and SMITH, Circuit Judges, and POPE, District Judge.

SANBORN, Circuit Judge. [1] Isadore Good, a bankrupt, challenges, by a petition to revise, an order of the referee which was affirmed by the District Court, that he turn over to the trustee $2,000 which they found was property of his bankrupt estate and in his possession. He founds his challenge on the grounds: (1) That the referee and the court admitted in evidence against him on the hearing for the order his testimony on his general examination at the first meeting of creditors, at which it was alleged that he was denied the right to be cross-examined by his counsel or to explain and correct his testimony; and (2) that there was no legal evidence that the bankrupt had in his possession or under his control $2,000 of the property of the bankrupt estate at the time the order was made. The answer to the petition denies that the referee refused to permit the counsel for the bankrupt to cross-examine him on his general examination at the meeting of creditors; but, even if the referee had made such a denial, it would not have disqualified his testimony on that examination as evidence against him, although it would have undoubtedly much weakened its force. A bankrupt without question has the right on his general examination at the first meeting of the creditors, or at any other examination, to the attendance and services of counsel to object to inadmissible evidence and examination, to except to erroneous rulings and to so cross-examine the bankrupt as to elicit the whole truth regarding the subjects of the examination by means of the bankrupt's correction of mistakes in and explanations of his earlier testimony. A timid, thoughtless, or ignorant debtor may not be led on by a quick, trained examiner to make mistaken admissions and to tell half truths and then denied the opportunity to correct or explain his testimony in answer to questions by his own counsel. However, there was no error in the admission of his general examination in this case because it was competent evidence against the bankrupt as an admission against interest although he was denied cross-examination. In re Cole, 163 Fed. 180, 90 C. C. A. 50, 23 L. R. A. (N. S.) 255; Kirsner v. Taliaferro, 202 Fed. 51, 59, 120 C. C. A. 305, 312, 313.

[2] Nor is the position that there was no legal evidence to sustain the finding that the bankrupt had $2,000 belonging to his estate in his possession or under his control maintainable here upon the record which is presented. The bankrupt himself testified on his general examination to the amounts of money he received from the sales of his merchandise at wholesale and to the amounts he expended during the four months preceding the filing of the petition for his adjudication in bankruptcy, and the amounts he thus received exceeded the amounts

he expended, or in any way accounted for, by at least $2,000. He also testified that during this time he was constantly selling at retail and receiving the proceeds of considerable quantities of goods, but that he did not know and could not estimate the amounts he received from these sales. He testified that he sold at wholesale large amounts of goods in proportion to his stock at prices much less than their cost, took the money of all these sales, and kept no books of account from which the amounts of his sales, receipts, or expenditures could be determined with reasonable accuracy. Counsel in his brief declares that:

"The whole case turns on the amount of goods sold Herman Faber and the amount of cash received from Faber. The referee found he received $5,000 in cash from Faber, and the evidence conclusively shows, and petitioner contends, he received but $3,000 in cash from him. The difference is the $2,000 the referee ordered paid."

If the crucial question had been, as counsel asserts, whether the bankrupt received $5,000 or $3,000 from Faber, it would not be reviewable in this case, for he testified on his general examination no less than four times that he received $5,000 in cash from him, and on his subsequent examination on the order to show cause he testified that he received only $3,000. His own testimony was both competent and conflicting. This hearing is on a petition to revise, and decisions of disputed questions of fact on conflicting evidence are not reviewable upon a petition to revise, although the question of law whether or not there was any substantial evidence to sustain such a decision or order may be considered and determined upon such a petition. In re Frank, 182 Fed. 794, 797, 105 C. C. A. 226, 229; Kirsner v. Taliaferro, 202 Fed. 51, 56, 120 C. C. A. 305, 310; In re Lee, 182 Fed. 579, 581, 105 C. C. A. 117, 119.

[3] Nor was the fact that the bankrupt denied in his testimony that he had this $2,000 in his possession or under his control conclusive of that issue. There was much competent evidence to sustain a finding that more than that amount of money of his estate above all that he claimed to have paid out and above all that he accounted for had been received by him within the four months preceding the filing of the petition in bankruptcy. And when property of a bankrupt estate is traced to the possession of one on the eve of his bankruptcy, it is presumed to remain in his possession or under his control until he satisfactorily accounts to the court of bankruptcy for its disposition or disappearance, and the burden is on him so to account. He cannot escape an order for its surrender by simply denying under oath that he has it, or that it is the property of the bankrupt estate.

The conclusion is that there was competent and substantial evidence to support the finding and order below, and the petition to revise is, accordingly, dismissed.