## SOUTHERN ENGINE & PUMP CO. v. PAGEL ELECTRIC & ICE CO. et al.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1926.)

No. 4801.

**1. Bankruptcy ⬅═440—Order allowing bankrupts' claim of exemption held properly reviewable only by petition to revise (Bankruptcy Act, § 24b [Comp. St. § 9608]).**

Order allowing bankrupts' claim of exemption as to certain property, in case arising before passage of Act May 27, 1926 (44 Stat. 662), is properly reviewable only by petition, and appeal seeking such review will be dismissed, in view of Bankruptcy Act, § 24b (Comp. St. § 9608).

**2. Bankruptcy ⬅═444—Appeal from order allowing bankrupts' claim of exemption, not taken within 30 days, will not be treated as petition to superintend and revise (Circuit Court of Appeals rule 38).**

Appeal from order allowing bankrupts' claim of exemption will not be treated as petition to superintend and revise, when not taken within 30 days allowed for petitions under Circuit Court of Appeals rule 38.

**3. Bankruptcy ⬅═444—Law abolishing distinction between appeals and petitions to superintend and revise is not applicable to appeal taken more than 30 days after date of order (Act May 27, 1926, amending Bankruptcy Act).**

Act May 27, 1926 (44 Stat. 662), amending the Bankruptcy Act, and abolishing the distinction between appeals and petitions to superintend and revise, has no effect as to appeal taken more than 30 days from date of order, since time for appeal therein is fixed at 30 days.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

In the matter of the Pagel Electric & Ice Company and others, bankrupts; Morris D. Meyer, trustee. From an order (14 F.[2d] 974) sustaining the bankrupts' claim to certain property as exempt, the Southern Engine & Pump Company, a creditor, appeals. On motion to dismiss appeal. Appeal dismissed.

C. A. Teagle and W. S. Hunt, both of Houston, Tex., for appellant.

Marcus Schwartz, of Holletsville, Tex., and L. D. Brown, of Houston, Tex. (Boyles, Brown & Scott, of Houston, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a bankruptcy case, in which the District Judge entered an order, sustaining the claim of the bankrupts to certain property as exempt under the Constitution and laws of Texas. A creditor seeks reversal by an appeal, which was allowed by the District Judge and taken more than 30 days from the date of the order, but is still within time, if a remedy by appeal is available.

The bankrupts take the position that the case is reviewable only by petition to superintend and revise, under section 24b of the Bankruptcy Act (Comp. St. § 9608), and upon that ground move to dismiss the appeal.

[1-3] In our opinion the motion to dismiss must be granted. This case arose before the passage of the Act of May 27, 1926, c. 406 (44 Stat. 662), amending the Bankruptcy Act. It was held in Holden v. Stratton, 191 U. S. 115, 24 S. Ct. 45, 48 L. Ed. 116, that an order on a bankrupt's claim of exemption is properly reviewable only by petition, and an appeal seeking such review was dismissed. That ruling has not been modified, although the much-vexed question of proper procedure has since been before the Supreme Court in a number of cases. Appellant relies in support of the remedy by appeal upon the cases of Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, and Matter of Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725. Each of those cases dealt with claims which were held to be appealable because they fell under section 25 of the Bankruptcy Act (Comp. St. § 9609). In the latter case it was held that the Circuit Court of Appeals had no jurisdiction by petition to entertain a claim of that class.

Appellant also contends that its appeal may be treated as a petition to superintend and revise, as was done in Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814. But this appeal was not taken within the thirty days allowed for petitions by rule 38 of the rules of this court. Although neither the Bankruptcy Act nor the rules of the Supreme Court adopted pursuant thereto regulates the time within which such petition should be filed, yet the authority of appellate courts to prescribe the time has been uniformly exercised and cannot well be doubted. That authority is derived from the duty imposed upon the appellate court to grant a prompt remedy. The jurisdiction conferred by section 24b of the act is in equity, and the right to fix a reasonable time would seem to be beyond dispute. The rule did no more than to fix what would be considered a reasonable time in all cases, and avoided the necessity of separately fixing the time in each case. Its fairness has never been questioned, and is not now. That rule being valid, it necessarily follows that the appeal

was not filed in time to be treated as a petition.

Appellant can derive no benefit from the recent act of Congress, amending the Bankruptcy Act, abolishing the distinction between appeals and petitions to superintend and revise, and giving a remedy by appeal only, since the time for appeal is therein fixed at 30 days after the judgment or order of the District Court.

The appeal is dismissed.