**MORSE & TYSON v. IRVING–PITT MFG. CO. et al.**

(Circuit Court of Appeals, Eighth Circuit. March 12, 1927.)

No. 288, Original.

**1. Bankruptcy ☞446(7)—Reasonableness of allowance for services of creditors' attorneys in involuntary proceedings involves fact question, not reviewable by petition to revise.**

Whether allowance of District Court for services of attorney for petitioning creditors in involuntary bankruptcy proceedings is reasonable presents question of fact, and not of law, and is not reviewable by petition to revise.

**2. Bankruptcy ☞477—Recital in order fixing attorneys' allowance that court had considered time element held not to show court arbitrarily refused to consider record.**

Where order fixing allowance for services of attorneys for creditors in involuntary bankruptcy proceeding showed that oral argument was had before court and matter submitted on record, and petition to revise showed that whole record was presented, and cause orally argued, *held*, that recital in order that court "further finds, after taking into consideration the time spent by the attorneys," did not show that court arbitrarily refused to consider record submitted, and considered only the time element.

**3. Bankruptcy ☞482(3)—$500 for services of attorneys in filing involuntary petition, procuring adjudication, and appointment of receiver, held not so small as to evince prejudice.**

Allowance of $500 fee to attorneys for creditors in involuntary bankruptcy proceeding, for preparing and filing the involuntary petition, procuring adjudication without contest and by apparent consent, and obtaining appointment of receiver, *held* not so small as to evince prejudice and abuse of discretion.

**4. Bankruptcy ☞474—Attorneys' services to creditors in attempting to avoid bankruptcy held payable by creditors served, and not by estate.**

Services of attorneys for bankrupt's creditors, rendered before filing of petition on behalf of particular creditors. in an endeavor to bring about satisfactory adjustments to avoid bankruptcy, are payable by creditors served, and not by bankruptcy estate.

**5. Bankruptcy ☞482(3)—No allowance can be made to petitioning creditors' attorneys for services for receiver, after his appointment by way of emergency administration (Bankruptcy Act, § 64b [3], being Comp. St. § 9648).**

Under Bankruptcy Act, § 64b (3), being Comp. St. § 9648, allowance to attorneys for petitioning creditors must be confined to services actually rendered in filing petition and prosecuting it to adjudication, and to services in procuring appointment of receiver to hold property pending adjudication, and compensation for services performed for receiver after his appointment by way of administration is not allowable.

**6. Bankruptcy ☞440(16)—Application for allowance of attorney's fees in involuntary proceeding and hearing thereon, and order, held "proceeding in bankruptcy"; "controversy arising in bankruptcy proceedings"; "debt or claim" (Bankruptcy Act, §§ 24a, 24b, 25a (3), being Comp. St. §§ 9608, 9609).**

Application for allowance of fees for services of attorneys for creditors in filing involuntary petition, securing adjudication, hearing on the application, and order of allowance was a "proceeding in bankruptcy," within Bankruptcy Act, § 24b (Comp. St. § 9608), as distinguished from "a controversy arising in bankruptcy proceedings," within section 24a, and compensation due was a "debt or claim," within section 25a (3), being Comp. St. § 9609.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings; Debt; Second Series, Controversy Arising in Bankruptcy Proceedings.]

**7. Bankruptcy ☞440(2)—"Controversy arising in bankruptcy proceedings" is reviewable by appeal (Bankruptcy Act, § 24a [Comp. St. § 9608]).**

"Controversy arising in bankruptcy proceedings," within Bankruptcy Act, § 24a (Comp. St. § 9608), is reviewable by appeal.

**8. Bankruptcy ☞446(7)—Review by petition to revise is confined to matters of law with certain exceptions (Bankruptcy Act, § 25a [Comp. St. § 9609]).**

Jurisdiction of Circuit Court of Appeals to revise proceedings of inferior bankruptcy courts is confined to revision in matter of law, except as provided in Bankruptcy Act, § 25a (Comp. St. § 9609), as to three particular classes of proceedings in bankruptcy.

**9. Bankruptcy ☞440(16)—Claim for reasonable attorney's fee is reviewable by appeal, not by petition to revise (Bankruptcy Act, §§ 25a [3], 64b [Comp. St. §§ 9609, 9648]).**

Claim for reasonable attorney's fee, within Bankruptcy Act, § 64b (Comp. St. § 9648), is reviewable by appeal taken within 10 days, under section 25a (3), being Comp. St. § 9609, and not by petition to revise.

Walter H. Sanborn, Circuit Judge, dissenting.

Petition to Revise Order of the District Court of the United States for the Western District of Oklahoma.

Petition of Morse & Tyson, a copartnership, to revise an order of the District Court sustaining exceptions of the Irving-Pitt Manufacturing Company and others, objecting creditors, to an order of a referee fixing compensation of attorneys for petitioning creditors in involuntary bankruptcy proceeding, and fixing a lower sum. Petition to revise dismissed.

Henry G. Snyder, of Oklahoma City, Okl. (Joe D. Morse and Hugh E. Tyson, both of Oklahoma City, Okl., on the briefs, and Snyder, Owen & Lybrand, of Oklahoma City, Okl., of counsel), for petitioners.

James R. Keaton, Frank Wells, and D. I. Johnston, all of Oklahoma City, Okl., and Frank W. Yale and Ernest S. Ellis, both of Kansas City, Mo., for respondents.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

SCOTT, District Judge. This cause comes before this court upon a petition to revise an order of the District Court of the United States for the Western District of Oklahoma, sustaining exceptions of objecting creditors to an order of a referee in bankruptcy fixing compensation of attorneys for petitioning creditors in an involuntary proceeding, and in fixing a lower sum.

The petition to revise is in eight numbered paragraphs. Paragraph 1 gives the name of the petitioners and shows that they are practicing attorneys; 2 shows the corporate capacity of the bankrupt; 3 shows that petitioners were attorneys for petitioning creditors in the involuntary proceeding. Paragraph 4 alleges the adjudication in bankruptcy; the reference to the referee; the filing of an application for allowance of $5,000, as fee for services as counsel for petitioning creditors; the filing of objections thereto by certain creditors; and the making of an order by the referee allowing $3,000 for such services. Paragraph 5 shows that petitioners excepted to the order of the referee. Paragraph 6 shows that petitioners thereafter filed petitions for review, together with the record of the evidence in said matter before the referee, and that the same was heard before Hon. John H. Cotteral, judge of the United States District Court for the Western District of Oklahoma, who upon consideration thereof reversed the order of the referee and entered an order allowing the petitioners the sum of $500 for their services. Paragraph 7 shows the petitioners duly excepted to said order of the District Court, and thereupon filed the petition to revise, together with a statement of facts and a record of the proceedings in the case, together with a transcript taken before the referee, copies of all of which are exhibited and made a part. Paragraph 8 contains an assignment of errors.

The respondents have appeared to the petition to revise, and, answering, admit paragraphs 1 to 6, inclusive, of the petition. Respondents then suggest an omission in the petition to revise (which was later supplied and need not be further noticed), and then further plead:

"III. That your respondents say that the judgment and order of the District Court was not erroneous in matters of law as alleged and set out in numerical paragraph 8 of said petition; that the exceptions to the judgment and order of the District Court do not raise questions of law, but questions of fact, and under the provisions of the Bankruptcy Act a Circuit Court of Appeals has jurisdiction to superintend and revise in matters of law the proceedings of the several inferior courts of bankruptcy within its jurisdiction; that to consider the objections raised by the petitioners the court will be required to review the evidence to determine the facts; that upon examination of the order of the District Court made and entered on September 21, 1925, it will appear that the matter was submitted upon oral argument and upon the record, which contained all of the testimony taken before the referee; and that the court, upon being fully advised, sustained the objections and found that the sum of $500 would be a reasonable allowance for the services of the petitioners herein, and the order was made accordingly."

The order sought to be revised in this proceeding was entered and dated September 21, 1925. The petition to revise was filed November 27, 1925. Extension of time had been procured of the District Court for the filing of the petition, as well as consent of opposing parties.

The errors assigned in the petition to revise are as follows:

"(A) The court erred in refusing to make a reasonable allowance to your petitioners for their services.

"(B) The refusal of the court to make an allowance that was reasonable and commensurate with the services rendered was an abuse of discretion.

"(C) The court erred in refusing to consider evidence of attorneys on the question of what is a reasonable fee.

"(D) That the court, in fixing the allowance, considered only the element of time spent by your petitioners in prosecuting the involuntary petition, and refused to consider other proper elements such as time spent in making investigations prior to filing the petition, responsibility assumed, the amount involved, and the results achieved.

"(E) The refusal of the court to allow your petitioners the sum asked for in their application for compensation, said sum being the reasonable value of the services rendered according to the weight of evidence.

"(F) The court erred in fixing the allow-

ance of $500, the same being inadequate, unreasonable, and an abuse of discretion.

"(G) The court erred in reducing the allowance made by the referee, the evidence showing that a larger allowance than that made by the referee would be reasonable.

"(H) The refusal of the court to consider the evidence was an abuse of discretion.

"(I) In reducing the allowance to $500, the court was governed either by prejudice or the lack of a proper conception of what constitutes a reasonable fee."

[1] Two contentions apparently pervade these assignments. First, that the District Court refused to allow reasonable compensation for the services rendered; and, second, that the District Court in passing upon the order then under review, erroneously refused to consider any element other than that of time expended, in judging the reasonableness of the fee to which petitioners were entitled. That the first contention presents a question of fact, and not of law, has been too often decided by this court and other federal courts to admit of serious controversy. Hall v. Reynolds (C. C. A.) 224 F. 103; Id. (C. C. A.) 231 F. 946.

[2] The second contention would present a question of law, and an appropriate matter for revision, if the assignments of error in this respect are found supported by the record. Paragraph 7 of the petition to revise by reference draws in the entire "record of the proceedings in the case, together with a transcript of the testimony taken before the referee." The petition by exhibits carries the order sought to be revised, and all of such proceedings and testimony. Paragraph III of the response directly challenges the truth of the assignments in this respect, and is an appeal to the record in justification of the action of the District Court. This necessitates an examination of the proceedings in the District Court so far as shown by the petition and record. The order of the District Court, set out at large, is as follows:

"In the District Court of the United States for the Western District of Oklahoma.

"In the Matter of Western Bank Supply Company, a Corporation, Bankrupt.

"In Bankruptcy. No. 3080.

"Now on this 21st day of September, 1925, there came on for hearing the petition of certain objecting creditors of the bankrupt and also the petition of Morse & Tyson for a review of an order made on the 9th day of September, 1925, by Isaac D. Taylor, referee in bankruptcy, allowing Morse & Tyson the sum of $3,000 as attorney's fees for petitioning creditors; the objecting creditors appearing by their attorneys, Keaton, Wells & Johnston, and Morse & Tyson appearing in their own behalf.

"Thereupon oral argument was had before the court and said matter submitted on the record, and the court, being duly advised, finds that the exceptions of objecting creditors to the order of the referee allowing the attorneys for petitioning creditors the sum of $3,000 should be sustained. The court further finds, after taking into consideration the time spent by the attorneys for petitioning creditors in filing the involuntary petition in bankruptcy herein and in procuring an adjudication thereon, that the sum of $500 would be a reasonable allowance to said attorneys for their services rendered herein as attorneys for petitioning creditors.

"It is therefore ordered, adjudged, and decreed by the court that the exceptions of the objecting creditors to the order of the referee be and they are hereby sustained, and Morse & Tyson, attorneys for petitioning creditors herein, are hereby allowed a fee of $500 for all services rendered by them as attorneys for petitioning creditors in said bankruptcy matter as set forth in their claim on file in this cause. It is ordered that all costs be taxed against the bankrupt and the trustee of said bankrupt estate shall pay said costs upon proper claim being made therefor.

"To the findings and judgment of the court rendered herein Morse & Tyson, attorneys, except in open court, and their exceptions are allowed, and thereupon said attorneys gave notice of their intention to appeal and to file a petition to revise said order in the United States Circuit Court of Appeals for the Eighth Circuit, and, said attorneys praying for an extension of time in which to prepare, record, and file said petition to revise, it is, for good cause shown, ordered that an extension of 30 days be granted to said attorneys within which time to make up the record and to file said petition to revise. John H. Cotteral, Judge of the United States District Court for the Western District of Oklahoma."

Counsel for petitioners in brief and in argument stress a single expression of the District Court in support of the contention that that court considered only the element of time in fixing the compensation. The order does recite: "The court further finds, after taking into consideration the time spent by the attorneys for petitioning creditors in filing the involuntary petition in bankruptcy herein and in procuring an adjudication thereon, that the sum of $500 would be a rea-

sonable allowance to said attorneys for their services rendered herein as attorneys for petitioning creditors." But the order further shows that oral argument was had before the court, "and said matter submitted on the record, and the court, being duly advised, finds," etc. The petition to revise clearly shows that the whole record, with the entire testimony, was presented to the District Court; that the cause was argued orally and the case submitted upon the whole record. Now, simply because the court incidentally mentioned the question of time as a consideration, we are asked to assume, without further proof, that the District Court arbitrarily refused to consider the record that was submitted and, abusing his judicial discretion, considered a single element only in arriving at his conclusion. We think the record in the case fails to justify such a conclusion, and that the record in that respect does not present a question of law, a subject for revision on this petition.

[3-5] It is strenuously urged in argument that a fee of $500 for preparing and filing the petition, procuring the adjudication, even without contest and by apparent consent, and obtaining the appointment of the receiver, is so small as to evince prejudice and abuse of discretion. We do not think that, in view of the settled policy of very conservative fees in bankruptcy matters, we would be justified in so holding. It must be remembered that petitioners were counsel for a number of large creditors, that they had been employed a considerable length of time before the filing of the petition, that they had devoted a great deal of time and labor to devising and constructing ways and means to keep out of bankruptcy, rather than getting in, and that they performed important services for the receiver in the way of administration after his appointment. The hypothetical questions propounded to petitioners' witnesses clearly embody these two classes of services. Now, as to the first class of services, those performed in the service of particular creditors in an endeavor to bring about satisfactory adjustments avoiding bankruptcy, we think the particular creditors served are the ones liable to compensate counsel. As to the latter class, services performed for the receiver after his appointment by way of administration, compensation is not allowable. Under subdivision 3 of section 64b of the act (Comp. St. § 9648), "the allowance to attorneys for the petitioning creditors must be confined to services actually rendered in filing the petition and prosecuting it to adjudication of the bankrupt." Collier on Bankruptcy, at page 1630, and cases cited. We think the clause would also cover services for procuring the appointment of the receiver to hold the property pending adjudication, but not services after the appointment of the receiver by way of emergency administration after the estate has passed under control and jurisdiction of the court. When that point has been reached, the activities of the petitioning creditors have ended.

[6] The trend of the argument in this case has been such as to develop the question whether this court has jurisdiction to consider the reasonableness of the fee allowed on this petition to revise. Examination of sections 24a, 24b, and 25a of the Bankruptcy Act (Comp. St. §§ 9608, 9609), as heretofore construed by the Supreme Court of the United States and by this court, we think readily sets that question at rest. Petitioners' application for allowance of fees, the hearing thereon, and the order of allowance was a proceeding in bankruptcy as contemplated by section 24b, as distinguished from a controversy arising in bankruptcy proceedings as contemplated by section 24a. The Supreme Court of the United States, speaking through Mr. Justice Sanford, in Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889, said: "It is now settled by the decisions of this court, that the 'controversies arising in bankruptcy proceedings,' referred to in section 24a, include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate"—citing Hewit v. Berlin Machine Works, 194 U. S. 296, 24 S. Ct. 690, 48 L. Ed. 986. The compensation due was a "debt or claim," within the purview of subdivision 3 of section 25a. Subdivision 3 of section 64b of the act reads: "The debts to have priority," etc., " * * * (3) the cost of administration, * * * and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases. * * * "

[7-9] It is now well settled that the appellate jurisdiction of this court extends to "controversies arising in bankruptcy proceedings." It is also well settled that the jurisdiction of this court to revise "the proceedings of the several inferior courts of bankruptcy within their jurisdiction" is confined to revision in matter of law, except as provided in section 25a as to three particular classes of proceedings in bankruptcy. Taylor v. Voss, supra.

A claim for the "one reasonable attorney's fee," specified in section 64b, we think would fall within the purview of subdivision 3, § 25a, and that this court might have reviewed the order here sought to be revised, by an appeal taken within 10 days as then provided in section 25a. But no appeal was taken within the required time, and petitioners now seek to accomplish the same purpose on their petition to revise. Now, while it was strongly intimated in Taylor v. Voss that on an appeal bringing up both questions of law and fact, the appellate court may, where controversies on the facts have become eliminated, review questions of law only, that case, citing Duryea Power Co. v. Sternbergh, 218 U. S. 299, 31 S. Ct. 25, 54 L. Ed. 1047, holds that the converse rule does not apply.

In Duryea Power Co. v. Sternbergh, supra, Mr. Justice Holmes speaking for the Supreme Court of the United States, said: "It is argued that an appeal to the Circuit Court of Appeals may be treated as a petition for revision, Holden v. Stratton, 191 U. S. 115, 119 [24 S. Ct. 45, 48 L. Ed. 116], and that conversely a petition for revision may be turned into an appeal, or, at least, treated as one for the purpose of an appeal to this court, if only to establish that the Circuit Court of Appeals exceeded its jurisdiction. There are two answers to this contention. In the first place, the converse proposition does not hold. An appeal opens both fact and law, and therefore might be regarded as intended to raise questions of law in any way that might be deemed proper. But a petition for revision opens only questions of law, and when the foundation of its jurisdiction is thus narrowed, the action of the court cannot enlarge it so as to deal with the facts."

In the light of these provisions of the act, and of the decisions construing them, it is clear that this court on a petition to revise is restrained from the consideration of questions of fact. It therefore follows that the petition to revise must be and is dismissed.

WALTER H. SANBORN, Circuit Judge (dissenting). The petitioners in this case, Joe D. Morse and Hugh E. Tyson, are lawyers, who, in the matter of the bankruptcy of the Western Bank Supply Company, a corporation, having outstanding $150,000 of common and $150,000 of preferred stock and property worth more than $200,000, engaged in operating two stores, one in Oklahoma City and one in Tulsa, was adjudged a bankrupt on June 16, 1925, on a petition of some of its creditors, prepared and prosecuted to the adjudication and the taking by the court

of the possession and administration of the property of the corporation by these petitioners as attorneys for those who petitioned for the adjudication in bankruptcy.

A few days after this adjudication the receiver appointed by the court, pursuant to the order of the referee, sold the entire property of the bankrupt, subject to a secured indebtedness of $134,500, for $142,000, and, at the time of the sale, the receiver had in his possession about $6,000 more which he had derived from the operation of the business above the expenses of that operation. Thereupon Morse & Tyson filed an application with the referee in bankruptcy for an allowance of $5,000 for their services in preparing and prosecuting to an adjudication the petition of the creditors therefor. Certain creditors objected to the allowance of this fee, and there were two hearings before the referee as to the amount of the fee which should be allowed at which witnesses were sworn and testified upon that issue. The result was that the referee made an order allowing a fee of $3,000. Thereupon the objecting creditors filed a petition with the District Court for a review of this order. There was a final hearing upon this issue by the District Court, at which both parties were represented. At that hearing no evidence or testimony was offered or received, except that which had been taken by the referee, upon which he had acted, and which that referee had certified to the District Court. That court upon consideration made an order that the fee of Morse & Tyson be reduced to $500. They have filed in this court their petition to revise in matter of law this order reducing the fee allowed by the referee from $3,000 to $500, and have made all the testimony and evidence presented to the referee and to the court a part of their petition, and the objecting creditors in their response to the petition have admitted and averred that this was all the testimony and evidence before the court below.

The only issue in this case, therefore, under this petition to revise, is whether the District Court erred in reducing the fee allowed by the referee from $3,000 to $500. This issue was presented here by petition to revise under section 24b of the Bankruptcy Act (section 9608, Comp. St.). While the general rule is that petitions to revise involving decisions of disputed questions of fact, conditioned by conflicting evidence, are not reviewable by the appellate court, it is equally well settled that the question of law whether or not there was any substantial evidence to sustain a decision or order may be considered and determined, and must be so considered

and determined, if presented, under such a petition. Good v. Kane (8 C. C. A.), 211 F. 956; In re Ruskay (2 C. C. A.) 5 F.(2d) 143, 146; In re Hoyne (7 C. C. A.), 277 F. 668, 671; Swift & Co. v. Licklider (4 C. C. A.) 7 F.(2d) 19; In re Kuhn Bros. (7 C. C. A.) 234 F. 277, 280.

In this case there was no substantial evidence—in fact, there was no evidence whatever—before the District Court below or before the referee that the $3,000 allowed by him was excessive, unreasonable, or unjust. There was before the referee and before the District Court the testimony of six lawyers who were in general practice in the state of Oklahoma, who by their oaths qualified themselves to testify to the value of the services of Morse & Tyson here in controversy: Morse, who testified that their services in question were worth $10,000; Tyson, who testified that they were worth $5,000; W. F. Wilson, who testified that they were worth from $3,500 to $4,000; and W. C. McInnis, who testified that they were worth $5,000. These witnesses had been called by the petitioners. The objecting creditors called two witnesses: Bruce McClelland, who testified that the petitioners' services were worth from $3,000 to $4,000; and Phillip Pierce, who testified that $5,000 was a reasonable fee for their services. No one testified that their services were worth less than $3,000, and all of them testified that they knew the nature of the case, the proceedings, and the services rendered by Morse & Tyson.

The Bankruptcy Act granted to these petitioners "one reasonable attorney's fee, for the professional services actually rendered" to the petitioning creditors in securing the adjudication. They were entitled to that reasonable fee under the act of Congress as of right. "Its allowance or disallowance is not matter of discretion. So, also, the amount to be allowed does not rest in mere discretion. The amount must in all cases be reasonable, to be determined upon evidence of the service performed and of its value, and, in the absence of evidence of its value, by the court from knowledge of its worth. The amount to be allowed rests in legal judgment and judicial discretion, but not in unrestrained discretion, and that judgment and judicial discretion are subject to review." Opinion of Judge Jenkins of the Circuit Court of Appeals of the Seventh Circuit, In re Curtis et al., 100 F. 784, 785; In re Diamond Fuel Co. (C. C. A.) 6 F.(2d) 773, 775; In re Marcuse & Co. (C. C. A.) 11 F.(2d) 513, 514.

The only issue before the District Court was whether, upon the evidence before it, it

was its judicial duty to reduce the fee of $3,000 which the referee had allowed. There was before it the positive testimony of six competent witnesses, two of whom were called by the objecting creditors, to the effect that the fee ought not to be reduced, and there was not only no substantial evidence, but no evidence whatever, before it that it ought to be reduced. In this state of the case it was, in my opinion, the judicial duty of that court to adjudge as a matter of law that there was no evidence to sustain any reduction of the fee ordered by the referee, and its refusal so to do and its reduction of the fee was a pure error of law, which this court has jurisdiction to, and it is its judicial duty to, reverse under this petition to revise in matter of law.