### CALHOUN et al. v. STRATTON et al.
#### No. 6139.

Circuit Court of Appeals, Sixth Circuit.

Oct. 14, 1932.

C. L. Marsilliot, of Memphis, Tenn., for appellants.

Howell J. Mueller, of San Antonio, Tex. (Hirshberg, Mueller, Powell & Green, Edward A. Sibley, and Howell J. Mueller, all of San Antonio, Tex., on the brief), for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

On July 14, 1930, appellants, Calhoun and Hanover, attorneys, filed a petition in bankruptcy on behalf of certain creditors against Clarence Saunders Stores, Inc. The petition alleged that, while insolvent, Saunders Stores, Inc., had made a preferential payment to Maury-Cole Company. On the same date on behalf of these creditors appellants sought the appointment of a receiver. Saunders Stores, Inc., answered and admitted

insolvency and the payment to Maury-Cole Company, but did not admit that the payment was a preference. A receiver was appointed. On July 30 a coreceiver was appointed, and the Little Rock Packing Company, a creditor, filed an answer and denied that the Saunders Stores, Inc., had committed an act of bankruptcy and demanded a jury to try the issue.

Appellants then moved for an adjudication, but because no jury was then available, and also because it was impracticable for the court then to act, the motion was, without objection, deferred until the next term and the receivers were directed to continue the business. Then, so far as court proceedings were concerned, the matter remained dormant while creditors met and appointed a committee to present a reorganization plan. The plan went forward slowly, the receivers were losing money, and many creditors became displeased; whereupon on November 3 appellants filed a petition for their clients, praying an adjudication. On November 10 a hearing was had at which creditors and counsel representing various interests were present. This hearing was continued until November 22 when a reorganization scheme was approved by the court. Following this meeting other creditors' and committee meetings were had in furtherance of the reorganization, and it was decided that to vest title to the property of Saunders Stores, Inc., in the new company there should be an adjudication, whereupon application was made on February 16, 1931, and adjudication followed.

Thereafter appellants sought an allowance of $30,000 for services rendered to petitioning creditors. The referee allowed $750. Upon review the court made an allowance of $2,000 and granted an appeal. Out of precaution appellants also sought and were allowed an appeal by this court.

We do not think that the matter was appealable under section 25a, Bankruptcy Act, 11 USCA § 48(a). It was not a claim "presented for proof against estates in bankruptcy." It did not arise prior to bankruptcy. Holden v. Stratton, 191 U. S. 115, 118, 24 S. Ct. 45, 46, 48 L. Ed. 116; In re Mueller, 135 F. 711, 714 (C. C. A. 6); W. J. Davidson & Co. v. Friedman, 140 F. 853 (C. C. A. 6). It arose in the proceedings of the bankruptcy court and had its foundation in section 64b (3) of the act, 11 USCA § 104(b) (3). The allowance was an administrative order appealable only under section 24b of the act, 11 USCA § 47 (b). See Taylor v. Voss, 271 U. S. 176, 181, 46 S. Ct. 461, 70 L. Ed. 889;

Ohio Valley Bank Co. v. Switzer, 153 F. 362 (C. C. A. 6); W. J. Davidson & Co. v. Friedman, supra. Being appealable only under section 24b, our review is limited to the one question of law; that is, whether there has been a manifest abuse of discretion by the District Court.

We cannot determine disputed questions of fact.

The law as a matter of right allows to appellants "one reasonable attorney's fee, for the professional services actually rendered * * * to the petitioning creditors * * * while performing the duties herein prescribed. * * *" Section 64b (3), Bankruptcy Act. Attorney fees cannot be fixed with mathematical certainty. They are to be determined in the exercise of judicial discretion. We cannot interfere unless there has been a clear abuse of discretion or an obvious mistake of law. In re Stewart, 179 F. 222, 228 (C. C. A. 6); Stokes v. Sedberry, 275 F. 894, 901 (C. C. A. 6); In re Stillwell, 12 F.(2d) 205, 207 (C. C. A. 6); In re Diamond Fuel Co., 6 F.(2d) 773, 775 (C. C. A. 2). The law contemplates that the service rendered to petitioning creditors for which payment may be made out of the bankrupt estate shall be only professional services rendered in procuring an adjudication. See In re Consolidated Factors Corporation, 59 F. (2d) 193, 194 (C. C. A. 2); In re Curtis, 100 F. 784, 786 (C. C. A. 7); In re Munford, 255 F. 108, 115 (D. C.). An adjudication was the only relief sought by the creditors in their formal petition.

In determining a reasonable fee for such service, several elements are to be considered such as the time spent, the intricacy of the questions involved, the size of the estate, the opposition encountered, the results achieved, the opinion evidence touching the reasonableness of the fee, and the economical spirit of the Bankruptcy Act itself. In re Stillwell, supra; Page v. Rogers, 149 F. 194, 195 (C. C. A. 6).

The court accepted the findings of the referee and found that the time properly spent by the appellants in filing the petition and prosecuting it to adjudication was three days and four hours. This included the time spent in procuring, as an incident to adjudication [Morse & Tyson v. Irving-Pitt Mfg. Co., 18 F.(2d) 692, 695 (C. C. A. 8)], the appointment of the receivers. It also included the time required to brief the only controverted questions of law, i. e., whether the payment to Maury-Cole Company was preferential and

whether the Little Rock Packing Company was entitled to have the question presented by it tried by a jury. It never became necessary to press either of these questions to determination.

The above findings have sufficient support in the testimony of Mr. Hanover. His testimony is substantially corroborated by Mr. Calhoun.

The record indicates that the estate had a cash value of something more than $834,000; that upon the date of the referee's certificate the trustees had on hand $299,121.37, which, less lien claims, left a general balance of $236,794.80. The deficiency is accounted for by the expenses of the receivership and a clear operating loss by the receivership of more than $300,000.

Appellants insist that they were not responsible for this loss and that it should not be considered in determining their fee. Appellants were, of course, not responsible for the loss; but there is a clear inference that appellants' clients as well as other creditors interested in the reorganization preferred to postpone adjudication and continue the receivership, notwithstanding losses, rather than terminate it while reorganization was being promoted. The Saunders Stores, Inc., had operated about one hundred and fifty-three chain grocery stores. Closing these stores would have most probably thwarted the reorganization project. There was never any serious opposition to adjudication by the bankrupt itself, and we think that the court acquiesced in the delay with the hope that reorganization would succeed and the creditors be paid in full.

The record discloses that although reorganization was never consummated, yet appellants (of course by direction of their clients) did render faithful and efficient service to the reorganization committee by attending numerous committee meetings and creditors' conferences, supplying information to creditors, and engaging in conferences and correspondence with other counsel. The court disallowed compensation for such service. We do not find that this was error. The statute does not authorize such an allowance. See Bankruptcy Act, § 64b (3); Morse & Tyson v. Irving-Pitt Mfg. Co., supra. It nowhere authorizes or requires petitioning creditors or their attorneys to engage in reorganization proceedings. It neither recognizes nor makes provision for the reorganization of a bankrupt concern. A fee cannot be allowed for services beyond the purview of the act.

Beyond this counsel must look to their clients.

Appellants insist that the timely filing of the petition prevented a preferential payment upon the next day of $200,000 upon the indebtedness due a banking syndicate which would have resulted, temporarily at least, in the depletion of assets. But the record fails to disclose that such payment would or could have been made. The testimony upon this point is that of Mr. Hanover, who stated "we understood" such payment was to be made. This was hearsay or, at best, speculative.

The statement of evidence embraces the opinion of eminent attorneys that the allowance to appellants should have been larger, but it is not our province to pass upon the weight of the opinion testimony.

We conclude that the evidence is sufficient in fact and inference to show that there was no manifest abuse of discretion by the court, and its order is affirmed.