**WINGERT et al. v. SMEAD et al. (five cases).**

Nos. 3604, 3605, 3608–3610.

Circuit Court of Appeals, Fourth Circuit.

April 7, 1934.

Rehearing Denied May 2, 1934.

Miller Wingert, of Hagerstown, Md., for appellants.

Alexander Armstrong, of Hagerstown, Md., for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and MEEKINS, District Judge.

PER CURIAM.

These are appeals from orders allowing fees to special master, trustee, receivers, at-

[1] Judge HICKENLOOPER participated in the hearing of this case, but died before the conference decision was reached.

torneys for petitioning creditors, and attorneys for receivers in bankruptcy proceedings. The orders appealed from were entered in the District Court September 21, 1933. Petitions for appeal from the orders were filed with the District Judge and appeals were allowed by him. The records in two of the appeals were filed in this court on December 26, 1933, and the others on January 1, 1934. No appeal under section 24b of the Bankruptcy Act as amended (11 USCA § 47 (b) has been allowed by this court in any of the cases and no petition for the allowance of such appeal has been filed with the court. The cases are before us on motions to dismiss the appeals.

The motions to dismiss must be allowed. The orders appealed from were not entered in controversies arising in bankruptcy but in the course of the bankruptcy proceedings; and hence were not appealable under section 24a of the Bankruptcy Act, as amended (11 USCA § 47 (a). They were not orders (1) adjudging or refusing to adjudge a defendant a bankrupt, or (2) granting or denying a discharge, or (3) allowing or rejecting a debt or claim of $500 or over; and hence were not appealable under section 25a, as amended, 11 USCA § 48 (a). They were reviewable only on appeal, allowable in the discretion of this court, to superintend and revise under section 24b of the Bankruptcy Act, as amended, 11 USCA § 47 (b). Calhoun v. Stratton (C. C. A. 6th) 61 F.(2d) 302; Shoreland Co. v. Conklin et al. (C. C. A. 5th) 30 F.(2d) 489; Broders v. Lage (C. C. A. 8th) 25 F.(2d) 288; Raich v. Olson (C. C. A. 8th) 25 F.(2d) 865; Remington on Bankruptcy (4th Ed.) vol. 6, § 2710, vol. 8, § 3770. An allowance to attorneys for petitioning creditors or receivers cannot be held an order allowing a claim within the meaning of section 25a, 11 USCA § 48 (a), for the reason that "claim" as there used refers to debts presented for proof against the bankrupt's estate, not to demands arising out of the course of administration. Holden v. Stratton, 191 U. S. 115, 118, 24 S. Ct. 45, 48 L. Ed. 116; Calhoun v. Stratton, supra; Gate City Clay Co. v. Dickey (C. C. A. 8th) 39 F.(2d) 581; W. J. Davidson & Co. v. Friedman (C. C. A. 6th) 140 F. 853; In re Mueller (C. C. A. 6th) 135 F. 711.

As the records in these cases were not docketed in this court until more than thirty days after the orders complained of, we need not consider whether they might have been treated as petitions for appeal to be allowed within the discretion of the court under section 24b, 11 USCA § 47 (b) if they had been filed with the court within the thirty day period.

Appeals dismissed.

### On Petition for Rehearing.

A petition for rehearing in the above cases urges that technicalities be disregarded and that the appeals be entertained without regard to the fact that the statute which we think applicable has not been complied with. The answer to this is that compliance with the statute is jurisdictional. We have no discretion to entertain appeals which are not taken in accordance with the statute which gives us appellate jurisdiction. The petition for rehearing will be denied.

Rehearing denied.