# DURYEA POWER COMPANY, BANKRUPT, *v.* STERNBERGH.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 29.   Argued November 2, 1910.—Decided November 14, 1910.

Section 25*b* of the Bankruptcy Law only gives a right of appeal to this court from a decision of the Circuit Court of Appeals affirming or reversing the order of the District Court, allowing or rejecting a claim when the decision is final, whether there is a certificate under § 25*b*, 2 or not. A decision simply allowing or disallowing a claim for voting purposes without prejudice to its subsequent presentation is not final but provisional.

No appeal lies to this court from a decision of the Circuit Court of Appeals in the exercise of supervisory jurisdiction in bankruptcy matters. Nor can a petition for revision to that court be turned into an appeal.

A petition for revision opens only questions of law while an appeal opens both fact and law.

Appeal from 161 Fed. Rep. 540; 88 C. C. A. 482, dismissed.


THE facts, which involve the construction of certain provisions of the Bankruptcy Law, and the jurisdiction of this court of appeals from the Circuit Court of Appeals, are stated in the opinion.

*Mr. Edwin C. Brandenburg,* with whom *Mr. Clarence A. Brandenburg, Mr. F. Walter Brandenburg, Mr. Andrew A. Leiser* and *Mr. Thomas K. Leidy* were on the brief, for appellant.

*Mr. Cyrus G. Derr,* with whom *Mr. John G. Johnson* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case arose on a controversy as to the right of the appellee, Sternbergh, to vote on the selection of a trustee in bankruptcy. At the first meeting of the creditors Sternbergh offered for allowance a proof of claim for $14,438.86, which was objected to on the ground that Sternbergh was indebted to the bankrupt company for unpaid stock. Sternbergh announced that he intended to use this claim for voting purposes. After a hearing the referee refused to allow the claim for use in the election and certified the facts, as Sternbergh's vote, if allowed, would have elected a different trustee. The District Judge stated the question to be whether the referee was right in rejecting the claimant's offer to vote and that it did not involve the extent but only the fact of Sternbergh's liability, and he affirmed the action of the referee. Thereupon Sternbergh filed a petition to the Circuit Court of Appeals seeking a revision of the decree in matter of law under § 24b of the Bankruptcy Law. That court, remarking that the facts were not in dispute, proceeded to discuss their significance and effect and reversed the decree, but allowed the selection of trustee to stand, as no allegation was made against him. The bankrupt through the trustee appealed to this court, obtaining a certificate from a Justice of this court under § 25b, 2.

The first question to be answered is whether this is a case in which a party is entitled to take an appeal to this court under § 25. And clearly it is not. The right of appeal from a decision of a Circuit Court of Appeals allowing or rejecting a claim is given by § 25b only where the decision is final, whether there is a certificate under § 25b, 2 or not. The Circuit Court of Appeals may render a final decision when an appeal is taken to it under § 25a from a judgment allowing or rejecting a claim of five hundred dollars or over. But this case did not and could not have

come to it in that way, for there was no judgment allowing or rejecting the claim. The Referee's order was "the within claim is disallowed for the present, especially as to voting, without prejudice to the claimant's right to present the claim hereafter." That is the order that was reviewed by the District Court and that was affirmed by it. Therefore Sternbergh's counsel, rightly apprehending that they could not appeal to the Circuit Court of Appeals, brought their petition for revision under § 24*b*, alleging that the District Judge erred in matter of law in confirming the order of the referee refusing to allow the claim of Sternbergh to be filed for voting upon the election of trustee. This is all that was brought before the Circuit Court of Appeals and all that it had authority to decide. Its decision, although directing the District Court to allow the petitioner to prove his claim, was not a final decision upon that point, and did not come to it in such a way that it could be. It simply reversed the provisional order of the referee and made a provisional, though seemingly useless order, the other way.

No appeal to this court lies from a decision in the exercise of supervisory jurisdiction. *Holden* v. *Stratton*, 191 U. S. 115. But it is said that the Circuit Court of Appeals treated this case as an appeal; that it did not follow the findings of the referee and the court below, as it was bound to do on a revisory proceeding; that it filed a statement of the facts found and of its conclusion of law, as required in an appeal by General Orders 36, 3, and that a Justice of this court allowed an appeal from its decision, which, as we have said, does not lie from an order or decree under § 24*b*. It is argued that an appeal to the Circuit Court of Appeals may be treated as a petition for revision, *Holden* v. *Stratton*, 191 U. S. 115, 119, and that conversely a petition for revision may be turned into an appeal, or, at least, treated as one for the purpose of an appeal to this court, if only to establish that the Circuit

Court of Appeals exceeded its jurisdiction. There are two answers to this contention. In the first place, the converse proposition does not hold. An appeal opens both fact and law, and therefore might be regarded as intended to raise questions of law in any way that might be deemed proper. But a petition for revision opens only questions of law, and when the foundation of its jurisdiction is thus narrowed, the action of the court cannot enlarge it so as to deal with the facts. In the next place, in this case the Circuit Court of Appeals made no such attempt. It treated the facts as undisputed, and differed from the court below only in its understanding of their significance and legal import. It filed no finding of facts at or before the time of entering its decree as required by the General Orders, but did so only two months after the decree had been entered, and a month after an appeal had been taken and allowed by a Justice of this court, upon a petition of the appellant.

We have considered the suggestion that if the appeal should be dismissed a certiorari should be granted, but we are of opinion that no ground is shown for the issue of the writ.

*Appeal dismissed.*