FREED v. CENTRAL TRUST CO. OF ILLINOIS.
In re STANDARD FURNITURE DISTRIBUTING CO.
(Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

No. 1969.

1. CONTEMPT (§ 66*)—PROCEEDINGS—MODE OF REVIEW.
    Proceedings for contempt in a court of bankruptcy for refusal to obey an order to turn over property to a bankrupt's receiver or trustee are for civil and not for criminal contempt, and are not reviewable by writ of error.
    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237; Dec. Dig. § 66.*]

2. BANKRUPTCY (§ 439*)—CONTEMPT PROCEEDINGS—PROCEDURE ON REVIEW.
    A writ of error, which aims to correct only errors of law arising on the common-law or criminal law side of a court of bankruptcy, may be treated as a petition to revise, and especially in contempt cases where a liberal practice should be adopted.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*
    Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

3. BANKRUPTCY (§ 463*) — APPELLATE PROCEEDINGS — BILL OF EXCEPTIONS — TIME FOR FILING.
    The rule at common law that a bill of exceptions must be filed within the term or within such time as may be granted during the term has no application in bankruptcy proceedings, and the court in a proceeding on its equity side may allow and certify a bill of exceptions by a nunc pro

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tunc order to bring on the record evidence introduced on a previous hearing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 926; Dec. Dig. § 463.*]

4. BANKRUPTCY (§ 136*)—CONTEMPT PROCEEDINGS—POWER OF COURT TO COMMIT.

A court of bankruptcy has no legal power to endeavor to enforce an order to pay over money to a receiver or trustee by civil contempt proceedings resulting in a decree committing the contemner to jail until he shall have complied with the original order, unless the evidence in the contempt proceedings clearly demonstrates a present ability and a willful refusal to obey.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

In the matter of the Standard Furniture Distributing Company, bankrupt. To review an order of commitment in contempt proceedings, brought by the Central Trust Company of Illinois, Isadore B. Freed brings error. Reversed.

Bernard J. Brown, of Chicago, Ill., for plaintiff in error.

Harold F. White, of Chicago, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge. This is a proceeding to review an order of the District Court, entered November 29, 1912, adjudging Isadore B. Freed guilty of contempt in 'refusing willfully and contumaciously to obey an order entered October 24, 1912, directing said Freed, as president of the Standard Furniture Distributing Company, a bankrupt, to turn over $1,100 to the Central Trust Company as receiver of the bankrupt, and committing him to jail "until he deliver to the receiver * * * the sum of $1,100 or until the further order of this court or until otherwise released by law."

Both orders were entitled and entered in the bankruptcy proceedings, the first on a petition of a creditor, rule on and due notice to Freed, and default for want of an answer thereto, the second on petition of the receiver, rule to show cause, answer thereto by Freed, and, as the order recites, testimony offered on behalf of the receiver and of Freed.

A writ of error, in which the United States was named as defendant in error, was sued out of this court on the day of the entry of the commitment order. Afterwards the Central Trust Company, as receiver, was made a defendant in error, and later the United States was dismissed as a party.

No time had been fixed by the District Court for filing a bill of exceptions or certificate of the evidence. Over the objection of the receiver that the court was then without jurisdiction, there was filed on April 22, 1913, by leave of the District Court, a so-called bill of exceptions, dated April 22, 1913, certified by the District Judge as con-

taining "all of the evidence offered and received on the hearing of said matter."

Motions to dismiss the writ of error and to strike this bill of exceptions from the record were reserved to the final hearing. At that time leave was granted to file a petition to review and revise without prejudice to defendant in error's right, however, to object thereto.

[1] 1. Counsel for plaintiff in error now properly concede that, as the proceedings culminating in the order of November 29th and the commitment pursuant thereto are clearly for civil and not for criminal contempt (Clay v. Waters, 178 Fed. 385, 389, 390, 101 C. C. A. 645, 21 Ann. Cas. 897), they cannot be reviewed by writ of error either under the Circuit Court of Appeals Act or by appeal under section 24a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]). On the other hand, counsel for defendant in error admit that, as the orders were made in the course of bankruptcy proceedings for the purpose of enforcing the rights of the receiver in and to property held to belong to the bankrupt's estate, a petition to revise and review, if filed in due time, would have enabled this court, under section 24b of the Bankruptcy Act, to review the order entered by the bankruptcy court under its "jurisdiction in equity" in a "proceeding in bankruptcy." In re Cole, 163 Fed. 180, 90 C. C. A. 50, 23 L. R. A. (N. S.) 255; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405.

While for reasons stated in Re Friend, 134 Fed. 778, 67 C. C. A. 500 (see, too, Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725), we held that a petition to revise could not be dealt with as an appeal, the converse of this proposition, that an appeal cannot be dealt with as a petition to revise, while maintained by some Circuit Courts of Appeals (Brady v. Bernard, 170 Fed. 576, 95 C. C. A. 656), has been denied by others (Re Abraham, 93 Fed. 767, 35 C. C. A. 592; Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261).

The Supreme Court in Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814 (the Abrahams case on certiorari), and in Holden v. Stratton, 191 U. S. 115, 119, 24 Sup. Ct. 45, 48 L. Ed. 116, by express reference to the effect of the Bernheimer Case, impliedly approved of the principle adopted in the Abrahams Case, and, in Duryea Power Co. v. Sternbergh, 218 U. S. 299, 31 Sup. Ct. 25, 54 L. Ed. 1047, while affirming the principle of the Friend Case, expressly distinguished but in no way limited or overruled the principle of these other cases. Bank v. Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, holds that as the Court of Appeals on petition could revise only in matters of law, it is, of course, powerless to review and to reverse the District Court in matters of fact, in a case presented on appeal instead of by petition.

[2] If then, an appeal which, as applied to bankruptcy proceedings, aims to correct errors both of law and of fact arising on the equity side of the bankruptcy court (Bankruptcy Act, § 25a), may be treated as a petition to revise which aims to correct only errors of law so arising (section 24b), a writ of error which aims to correct only errors of law arising on the common-law or criminal-law side of the court may,

in our judgment, be similarly dealt with. While the writ and the petition differ in form, in substance they are similar; both begin new proceedings in this court to accomplish substantially the same end. Especially in contempt cases incident to bankruptcy proceedings should a liberal practice in this respect be adopted, in view of the uncertainty that so long prevailed in distinguishing between cases of civil contempt, properly reviewable in·bankruptcy proceedings by petition to revise, and criminal contempt, reviewable only by writ of error. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. The motion to dismiss the writ will be denied, and the case will be dealt with as if the petition to revise had been filed when the writ of error issued.

[3] 2. While, at common law, a bill of exceptions must be filed within the term or within such time as may be granted during the term, this rule can have no application in bankruptcy proceedings. The District Court, sitting as a court of bankruptcy, has no terms. Moreover, this proceeding was on the equity side of the court. And in Kerr v. South Park Com'rs, 117 U. S. 379, 384, 6 Sup. Ct. 801, 803 (29 L. Ed. 924), the court says:

"We cannot, as we are asked to do by counsel for appellees, disregard the evidence and rulings of the court on the trial of the issue, which are certified by the court as authentic and correctly reported, and which the decree recites to be the basis of its findings, because they were not certified and brought on the record at the same term at which the decree was entered. The subsequent certificate merely ascertains and verifies what proceedings took place before the court at the time of the hearing, and, although they should regularly have been brought on the record at the same term, we know of no rule of chancery practice or procedure which forids the making of a nunc pro tunc order to supply such an omission and to prevent injustice."

This certificate therefore was properly a part of the record in the case. The motion to strike it out must be denied.

[4] 3. Coming, then, to a consideration of the merits of the case, we start with the proper concession of the receiver's counsel that while the court, to vindicate its authority, may punish as for a criminal contempt one who has it in his power to obey but willfully disobeys its order to pay over money to another, or who, after the institution of proceedings, has willfully disabled himself from complying therewith, it has no legal power to endeavor to enforce such an order in aid of the party to whom the money is to be paid, by civil contempt proceedings resulting in a decree committing the contemner to jail until he shall have complied with the original order, unless the evidence in the contempt proceedings clearly demonstrates a present ability and a willful refusal to obey. Re Cole, supra; Samel v. Dodd, 142 Fed. 68, 73 C. C. A. 254; Stuart v. Reynolds, 204 Fed. 709, 123 C. C. A. 13.

Neither from the allegations of the petition nor from the findings of the court does it appear that Freed, on November 29th or at any time after the entry of the default order of October 24th, was able to comply therewith.

The testimony as certified by the judge demonstrates the contrary. At the best, the default on October 24th amounted to an admission of

the finding then made that Freed then had the money in his control. But in the absence of any affirmative evidence whatsoever to contradict the testimony both of Freed and of his wife that the money had been used for household and other expenses at some time prior to the hearing in November, the finding in the order of October 24th, even regarded as an admission, would not justify a finding on November 29th of present ability to pay or an order of commitment until payment based thereon. Stuart v. Reynolds, supra; Re Cole, supra. See Re Goodrich, 184 Fed. 5, 106 C. C. A. 207.

It is, of course, immaterial what property the wife may have had; the coercion of civil contempt proceedings is personal, based on personal ability to perform, not on a hope of intervention by friends or relatives. Re Davision (D. C.) 143 Fed. 673.

The very language of the order of commitment, that on October 24th "Freed had in his possession and control money or property of sufficient value to comply with the order," in the absence of any allegation or finding of any ability to comply therewith at any later date, would indicate that the court erroneously deemed this fact sufficient.

The order must therefore be reversed and the cause remanded for such further or other proceedings, civil or criminal, as the court may deem proper, to enforce its order or to punish for the willful violation thereof, not inconsistent with the views herein expressed.