In re AMERICAN SOLVENTS & CHEMICAL CORPORATION.

MONTAIGNE, Asst. Tax Com'r of Delaware v. ROSSVILL ALCOHOL & CHEMICAL CORPORATION et al.

No. 45.

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1934.

Peaslee & Brigham, of New York City (Amos J. Peaslee and Gerald J. McMahon, both of New York City, of counsel), for appellant.

Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for appellees Rossvill Alcohol & Chemical Corporation, Vincent W. Westrup, and Samuel C. Wood.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark and Max Freund, both of New York City, of counsel), for Irving Trust Co. appearing specially.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The American Solvents & Chemical Corporation, on a voluntary petition, was adjudicated a bankrupt on February 13, 1932, and on March 7, 1932, the Irving Trust Company was appointed trustee in bankruptcy. An order was entered on March 7, 1932, in the bankruptcy proceeding, directing all claimants to file their claims with the trustee on or before April 6, 1932, and notice thereof was served by publication and by mail. Appellant did not file the claim of the state of Delaware. On May 17, 1932, the appellees Westrup and Wood offered a bid for the purchase of the assets of the bankrupt in bulk, which was confirmed by order of the court, and in the bid they agreed "to assume the expenses of sale, the fees and compensation of the receiver and the trustee in bankruptcy and such other fees and charges as are proper charges on the proceeds of said sale and any indebtedness of the receiver or the trustee in bankruptcy properly incurred, to the extent that said expenses, fees, compensation and indebtedness shall not be covered by cash or bank balances now or hereafter in the hands of the trustee in bankruptcy." The bid was thereafter assigned to the appellee Rossvill Alcohol & Chemical Corporation. On September 8, 1932, the court entered an order approving the trustee's final accounts and reports, and ordered the distribution of the assets. On April 12, 1933, the trustee was discharged and the case closed.

On February 7, 1934, the appellant filed its petition seeking, by summary order, to compel the trustee and the purchasers of the assets to pay to it corporate franchise taxes together with the penalties which were assessed against the bankrupt by the state of Delaware. The petition was denied. Heretofore a motion was made for leave to appeal as required by section 24 (b) of the Bankruptcy Act, as amended by Act May 27, 1926 (11 USCA § 47 (b). This motion was denied on April 30, 1934. The appellant, however, insisting that it was entitled to appeal as of right pursuant to section 25 (a) of the Bankruptcy Act, as amended by Act May 27, 1926 (11 USCA § 48 (a), proceeded to file its record on appeal.

The order is appealable as of right only if, although made in a proceeding in bankruptcy, it comes within the exceptions enumerated in section 25 (a) of the act and is an appeal from a judgment allowing or rejecting a debt or claim of $500 or over, or was made in a controversy pursuant to section 23 of the act (11 USCA § 46) and is therefore appealable under section 24 of the act as amended.

At the time this petition was filed, the bankruptcy proceedings had terminated, the assets were disposed of, the estate closed, and the trustee discharged. In that situation, the court could not have rejected the claim against the bankrupt in a pending bankruptcy proceeding. There was no denial of the distributive share in the bankrupt's assets to the state of Delaware. The court has no summary jurisdiction to order a discharged trustee, not in possession of the bankrupt's assets, to pay the claim, and of course it has no jurisdiction in a summary manner to direct a personal obligation against the trustee.

Section 25 of the act, as amended, provides for appeals in instances, as of right, there enumerated. The right of appeal under this section, respecting a claim, was intended to apply only where there was presented a claim against assets in a pending bankruptcy proceeding, which claim was accepted or rejected. With whatever may have been the rights of the appellant had it presented its claim in time, we are not here concerned. Holden v. Stratton, 191 U. S. 115, 24 S. Ct. 45, 48 L. Ed. 116; Duryea v. Sternbergh, 218 U. S. 299, 31 S. Ct. 25, 54 L. Ed. 1047; Matter of Zeis, 245 F. 737 (C. C. A. 2); Matter of Rouse, Hazard & Co., 91 F. 96 (C. C. A. 7).

By section 23 of the act (11 USCA § 46), the District Court has jurisdiction of controversies "between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants."

The petition below was not in a controversy. There was no controversy between the trustee and the appellant as an adverse claimant concerning the property of the bankrupt. The question presented by the petition is whether a discharged trustee, who has distributed the property, can be held liable for a tax claim in a summary proceeding in the bankruptcy court. It is clear that it may not. Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889. The bankruptcy court has no jurisdiction by summary order to direct the discharged trustee to pay a debt. In re Schwartz (C. C. A.) 4 F.(2d) 895. What-

ever rights, if any, the appellant may have against the purchasers cannot be contested at this stage in this bankruptcy proceeding.

Appeal dismissed.