**BUFFUM v. MARYLAND CASUALTY CO.**

No. 7461.

Circuit Court of Appeals, Ninth Circuit.

May 6, 1935.

Devlin & Devlin and Horace B. Wulff, all of Sacramento, Cal., for appellant.

John Ralph Wilson and Milton Newmark, both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The order sought to be reviewed by this appeal was made February 24, 1934, and is as follows: "Without determining the question of the amount for which the claim of Peter Barceloux Company should be allowed, it is ordered that the order of the referee rejecting said claim and amendment thereto be and the same is hereby overruled and the matter returned to the referee for further proceedings."

Petition for appeal from this order was allowed by the District Court on March 12, 1934. The petition for the allowance of the appeal is predicated upon section 25, subd. (a) (3) of the National Bankruptcy Act, as amended by Act May 27, 1926, § 10 (11 USCA § 48 (a) (3). It is obvious that the order appealed from is not a judgment allowing the claim, and does not purport to be. It reverses an order rejecting the claim and refers the matter to the referee for the purpose of determining the amount to be allowed upon the claim. The amount of this claim when allowed will again be subject to review by the trial court. It is not a final order. Duryea Power Co., Bankrupt, v. Sternbergh, 218 U. S. 299, 31 S. Ct. 25, 54 L. Ed. 1047. It is clear then that the allowance of this appeal by the District Court from this interlocutory order did not confer jurisdiction upon this court. The question of our jurisdiction to consider this appeal was not raised by counsel, but was suggested to the attorneys at the time of the argument of the case. Briefs were requested upon the jurisdictional question, and have been filed.

Appellant therein contends that the order appealed from is a final order, and therefore appealable. This proposition is controverted by the appellee, but it concedes that this court has jurisdiction of an appeal from the order as an interlocutory order in a bankruptcy proceeding. However that may be, in this case the appeal was allowed by the District Court. The allowance of the appeal was ineffective because of the fact that an appeal from an interlocutory order in a proceeding in bankruptcy under section 24, subd. (b) of the Bankruptcy Act (11 USCA § 47 (b), can only be allowed by the Circuit Court of Appeals, and in the absence of such allowance this court has no jurisdiction.

Appeal dismissed.