**ROBINSON et al. v. EDLER.**

**No. 7448.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 5, 1935.

John J. Wilson and Grainger & Hunt, all of Los Angeles, Cal., for appellants.

George B. Thatcher, Wm. Woodburn, and Wm. J. Forman, all of Reno, Nev., and Clarence A. Shuey and Grant H. Wren, both of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

This is an appeal from an order of the District Court of Nevada, approving and confirming an order of the referee in bankruptcy with reference to a claim filed by appellants against the bankrupt estate of the Owl Drug Company.

The claim originated in a contract dated March 11, 1926, between Lester L. Robinson and Fred Barman, appellants' assignors, on the one part, and the Owl Company, on the other, wherein Robinson and Barman sold to the Owl Company a one-half interest in the issued capital stock of the Fifth & Broadway Building Company in Los Angeles, for the aggregate sum of $1,309,584, payable in installments over a period of years; the last installment falling due on June 1, 1963.

The Owl Drug Company was adjudged a bankrupt on October 10, 1932. On April 6, 1933, appellants filed a secured claim, which, after objections by the trustee, was amended. The amended proof claimed a debt for the balance due on the purchase price of the stock, plus damages for the anticipatory breach of the obligation of the Owl Company guaranteeing the payment of principal and interest of a bond issue of the Fifth & Broadway Building Company. Hearing was had, following which the referee made the order complained of.

After summarizing the facts and reciting that there was no dispute that the claim was not due at the time of the bankruptcy and that there had been no default in payment of the bonds at the time of the hearing, the order stated that the referee would not pass upon any contingency that might arise in the future with refer-

ence to the bonds. We quote the remainder of the order:

"The claimants have filed a secured claim as aforesaid, and ·at the same time insisted that they had no security. The value of the security of Robinson and Barman would not be lessened in any way by virtue of the assignment of the leasehold right by the Owl Drug Company to the Fifth and Broadway Company, subsequent to its assignment to the Title Insurance Company, acting for Robinson and Barman, but under its terms would operate in the nature of a second mortgage.

"Therefore, under the statutes and decisions cited the present worth of the claim must be determined, and thereafter the security pledged be exhausted, and if it be insufficient to satisfy said present worth of claim, an unsecured claim could be filed in this court for the balance, if any. * * *

"It is therefore ordered that the claim of Robinson and Barman be disallowed as a secured claim and considered as a contingent claim, contingent upon the insufficiency of the security pledged to secure the present worth of same."

The District Court approved and confirmed the order, and subsequently allowed this appeal.

▮▮▮ Upon oral argument this court, of its own motion, raised the question of whether the order was appealable. Counsel earnestly argued that the only result of a dismissal would be delay, added expense to the litigants, and a presentation of the same matters at a later date. In his brief appellee goes so far as to "agree that appellants have a right by appeal to test the correctness of the District Court's order."

We are not heedless of counsel's argument, but it is well settled by a long line of decisions that, if the order is not appealable, this court has no jurisdiction, and, further, that it is the duty of the court to raise. the question of jurisdiction of its own motion. Brady v. Bernard & Kittinger (C. C. A.) 170 F. 576, 579, certiorari denied, 217 U. S. 595, 30 S. Ct. 695, 54 L. Ed. 896; City and County of San Francisco v. McLaughlin (C. C. A.) 9 F. (2d) 390; Highway Construction Company v. McClelland (C. C. A.) 14 F.(2d) 406; Equitable Life Assurance Society v. Rayl (C. C. A.) 16 F.(2d) 68; Dyar v. McCandless (C. C. A.) 33 F.(2d) 578. The juris-

dictional rule is concisely stated in Valley v. Northern Fire & Marine Insurance Company, 254 U. S. 348, at 351, 41 S. Ct. 116, 117, 65 L. Ed. 297, where the court said: "Courts are constituted by authority and they cannot go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." Certainly consent of counsel cannot confer or enlarge the jurisdiction prescribed by statute. Chicago, Burlington & Quincy Ry. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Minnesota v. Northern Securities Co., 194 U. S. 48, 22 S. Ct. 308, 46 L. Ed. 499.

▮▮▮ Section· 24 of the Bankruptcy Act (11 USCA § 47) provides: "(a) The circuit courts of appeal of the United States * * * are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy * * * (b) The several circuit courts of appeal * * * shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court."

We need not enter into any discussion of the marked and well-defined distinction between controversies arising in bankruptcy proceedings, referred to in section 24a, and proceedings in bankruptcy in section 24b, because, even if this matter could be considered as falling within the provisions of one of those sections, the fact that it was the District Court and not the Court of Appeals which allowed the appeal necessitates dismissal. Raich v. Olson (C. C. A.) 25 F.(2d) 865; American State Bank v. Ulrich (C. C. A.) 28 F.(2d) 753; Schnurr v. Miller (C. C. A.) 49 F.(2d) 109; Wingert v. Smead (C. C. A.) 70 F. (2d) 351. Therefore the only provision of the act which lends any support to this appeal is section 25 (11 USCA § 48), which provides: "Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to

the circuit court of appeals of the United States * * * (3) from a judgment allowing or rejecting a debt or claim of $500 or over."

The question is, Was the claim allowed or rejected? While the statute does not specify that appeals under this section must be from final judgments, the Supreme Court has so held. Duryea Power Co., Bankrupt, v. Sternberg, 218 U. S. 299, 31 S. Ct. 25, 26, 54 L. Ed. 1047.

The plain import of the language of the order defeats any contention that the claim was finally allowed or rejected. The finality of its disallowance is qualified by the expressed contingency, and certainly no one would contend that the contingency allowed the claim in the sum of $500 or over. As a practical matter the claim was to be held in abeyance, as it were, until the value of the security could be determined, and, if the present worth of the security proved insufficient, an unsecured claim would be allowed for the deficiency. In the Duryea Case, supra, the order read: "The within claim is disallowed for the present, especially as to voting, without prejudice to claimant's right to present the claim hereafter." In holding the order was not appealable, Justice Holmes referred to it as "provisional." Webster's dictionary defines the words "contingent" and "provisional" as synonymous.

The appeal is dismissed.