## In re DIANA SHOE CORPORATION.

### 338 BERRY STREET, Inc., v. CRANE et al.
### No. 128.

Circuit Court of Appeals, Second Circuit.
Dec. 16, 1935.

Jonas & Neuburger, of New York City (Henry A. Spiegelman and Sidney J. Liftin, both of New York City, of counsel), for appellant.

Duberstein & Schwartz, of Brooklyn, N. Y. (Max Schwartz and Samuel C. Duberstein, both of Brooklyn, N. Y., of counsel), for trustee-appellee.

Abraham J. Halprin, of New York City (Irving Barry, of New York City, of counsel), for purchasers-appellees.

Kaye, Scholar, Fierman & Hays, of New York City (Mortimer D. Atlas, of New York City, of counsel), for creditors-appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The debtor, Diana Shoe Corporation, filed its petition for reorganization on January 9, 1935. With unusual celerity the proceedings progressed to confirmation of a plan of reorganization on April 16, 1935. The plan provided that three creditors of the debtor, hereafter referred to as the "purchasers," should receive a conveyance of the debtor's assets and business and in consideration therefor should pay in full secured and priority claims and all administration expenses to be approved by the court, and should pay to general unsecured creditors "whose claims have been filed with the trustee" 35 per cent. of their claims "as filed and allowed." The appellant is an unsecured creditor, who took no step to have its claim allowed until after the plan of reorganization had been confirmed. By order of March 5th the court had limited the time for filing claims to March 25th. Notice of such order was given on March 8th by publication and by mailing notice to creditors of whom the trustee had knowledge, but the name of the appellant was not on the trustee's list of creditors and no notice was mailed to it. Likewise, no notice was mailed to it of the hearing set for April 5th to consider the plan of reorganization, although the debtor's schedules filed on March 13th with the clerk of court listed the appellant as an unsecured creditor. Nevertheless, when the purchasers proposed the plan and when the court confirmed it, neither the purchasers nor the trustee had actual knowledge of the existence of the appellant's claim. Nor did the appellant, until April 17th, have knowledge of the plan or of the time limited for filing claims, although upon conflicting affidavits the court found that it had been informed of the pendency of the reorganization proceedings shortly after the filing of the debtor's petition. On April 19th, the appellant obtained an order directing the debtor, its trustee, and the purchasers, to show cause why the appellant should not file its claim and be included among the creditors entitled to receive 35 per cent. of their claims under the plan. The order also stayed conveyance of the debtor's assets to the purchasers, and distribution of the cash consideration which they had deposited with the clerk of the court. Upon return of the order to show cause the court, on April 24th, (1) denied the appellant's motion; (2) vacated the stay; (3) directed the trustee to close title with the purchasers and deliver to them the assets of the debtor; (4) directed the clerk of court to distribute the sums deposited for payment of secured and priority claims and expenses of administration, but to hold intact, subject to further order of the court, the sum deposited upon the claims of general unsecured creditors; and (5) granted the appellant leave to apply for an order to show cause why it should not be allowed to file its claim nunc pro tunc as of March 25th, service of such order to show cause to be made by mail to all creditors who had filed claims and to the trustee or his attorneys. The appellant took no appeal from this order. Instead, it applied for and obtained, on April 26th, an order to show cause which sought relief much broader than the leave granted by the order of April 24th. It sought not only leave to file the claim nunc pro tunc as of March 25th, and to be included among the class of unsecured creditors to whom payments were to be made under the plan of reorganization, but also that the purchasers be directed to pay the proper proportion of the appellant's claim and that the assets conveyed to them be impressed with a trust for such payment. On May 27th, the appellant's motion was denied and the clerk of the court was directed to distribute the funds deposited upon the claims of unsecured creditors as set forth in the order confirming the plan of reorganization. This order of May 27th is the order appealed from.

The appellant has argued the appeal with complete disregard of the effect of the order of April 24th which was not appealed from. It asks us to reverse the District Court's findings that it "received actual and constructive notice of this proceeding" and the legal conclusion that it was not entitled to participate in the plan of reorganization. But these findings and this conclusion, if erroneous, were decided against it (except for a single limited purpose) when the order of April 24th was entered. Plainly the only question left open by that order was whether the appellant could share with other creditors in the distribution of the funds deposited with the clerk upon the claims of unsecured creditors whose claims

had been previously filed. That the order of April 16th confirming the plan was not to be set aside, and that the purchasers were not to be required to add to their cash deposit, was clearly settled then, when the restraining order was vacated and the trustee directed to close title with the purchasers. Indeed, it seems obvious that the purchasers could not have been compelled to add to the consideration; their offer had been made and accepted on the basis of the amount of claims already filed. Possibly the court might have vacated the order of April 16th confirming the plan and might have relieved the purchasers from their contract, but it could not change their contract against their will. The court did not relieve them from the contract; on the contrary, the order of April 24th directed that it be carried out, reserving only the question whether the tardy claimant might share in the consideration paid for the debtor's property. With this decision standing unappealed from and the conveyance to the purchasers made and paid for pursuant thereto, the appellant was not at liberty to urge the same matters again in its second motion; denial of relief against the purchasers was not error in the order of May 27th whether or not it was error for the prior order not to have vacated confirmation of the plan.

On the only issue left open, namely, whether the appellant should be admitted to share with the unsecured creditors whose claims had been filed prior to confirmation of the plan, thereby reducing the percentage they would get, the order of May 27th was also right. Approval of the plan by the requisite number of creditors had been obtained on their understanding that they would receive 35 per cent. of the amount of their claims. To give them less would be to put into effect a different plan to which they had never consented. The statute gives no authority for this.

Section 77B (c) (6), 11 U.S.C.A. § 207 (c) (6), provides that the judge "shall determine a reasonable time within which the claims and interests of creditors and stockholders may be filed or evidenced and after which no such claim or interest may participate in any plan, except on order for cause shown"; and clause (7), 11 U.S.C.A. § 207 (c) (7), says that he "shall cause reasonable notice of such determination and of all hearings for the consideration of any proposed plan * * * to be given creditors and stockholders by publication or otherwise." Whether the notice by publication, despite the failure to give notice by mailing, was sufficient to bind the appellant, we need not now decide. See St. Louis & S. F. R. Co. v. Spiller, 274 U.S. 304, 313, 47 S.Ct. 635, 71 L.Ed. 1060; In re Zimmermann, 66 F.(2d) 397, 399 (C.C.A.2). If it was not, there may conceivably be remedies available against the trustee or others, but no such questions are presented by the present record. Here the only issue was whether the appellant could share in the funds paid in for other creditors. Assuming that cause was shown for lifting the bar order and allowing the tardy claim to be filed, had the motion been made before confirmation of the plan on April 16th, the motion of April 26th came too late. Clause (c) (6) of the statute, in providing for the admission of a tardy claimant, plainly contemplates admission prior to confirmation, if his admission will necessitate a modification of the plan; or else a setting aside of the confirmation and a submission of the modified plan to creditors and stockholders for approval. The latter alternative was decided adversely to appellant by the order of April 24th. Indeed, it was not the relief for which he specifically asked in either motion. After conveyance of the debtor's property pursuant to that order it was probably too late to vacate the confirmation of the plan [compare In re American Solvents & Chemical Corporation, 73 F.(2d) 301 (C.C.A.2)]; at any rate, it was not done. Hence, we cannot say that there was any abuse of discretion in not letting the tardy claimant file his claim nunc pro tunc as of March 25th. Accordingly, the order appealed from must be affirmed, and the appellant left to such other remedies, if any, as he may have.

Order affirmed.